[Wilson v. The State.]

# Wilson *v.* The State.

*Prosecution for Trespass after Warning.*

1. *"Legal cause, or good excuse" for trespass.*—In a prosecution for trespass after warning (Code, § 3874), by driving a loaded wagon along a neighborhood road, which had been opened through the lands of the prosecutor, by his permission, to give convenient access to a cane-mill, and which was afterwards closed by him; it being shown that the defendant might have had access to the mill "by cutting out a new road, a short distance through open piney woods, perhaps 100 yards, and cause-waying a small boggy branch;" *held*, that a "legal cause or good excuse" for the trespass was not shown.

FROM the Circuit Court of Coffee.

Tried before the Hon. JESSE M. CARMICHAEL.

This was a prosecution for trespass after warning, instituted by H. A. Goodman against W. J. Wilson, and was commenced before a justice of the peace, on the 8th November, 1888. On the trial in the Circuit Court, as the bill of exceptions shows, the prosecutor testified, "that he warned the defendant on the 6th November, 1888, not to go on his lands or premises, and that the defendant went on the land the next day with his oxen and wagon;" and he further testified, on cross-examination, "that the part of the land that the defendant went on was a settlement road, leading from the public road to William Haney's cane-mill." It was admitted that the land belonged to said Goodman, and that he had obstructed the road by placing a pole across it, which rested on the fence on one side, and on a stump on the other. Said Haney testified, on the part of the defense, that he had a cane-mill at his place, about one mile from the public road, where he had lived about five years; that when he first moved to the place, he cut out a road from his house to the public road; that Goodman told him he might cut out a straight road from his house to the public road, putting it by the side of his fence, and he should have no trouble about it, as it would protect the fence from fire; that he then cut out a straight road by the side of Goodman's fence, a part of it being cut out by one Carroll, who lived between him and the public road; "that said road had been used by all the neighbors in the settlement ever since, about two years,

[Wilson v. The State.]

and is still open and in general use by all persons who desire to travel it, except that Goodman had put a pole across it, and had posted up notice not to travel it;" also, that the defendant had hauled a load of cane to his mill on the 5th November, and was hauling another on the 7th, when he committed the alleged trespass, having been warned on the 6th; and that he could not have got to the mill in any other way, only by cutting out a new road, a short distance through open piney woods, perhaps 100 yards, and cause-waying a small boggy branch." Said Carroll testified, also, that the road was cut out by himself and Haney, by permission of Goodman; "that it runs through wild and uninclosed land belonging to Goodman, near his fence, and is still opened and used by all the neighbors, and the public who desire to pass along it, over the protest of Goodman." This being all the evidence, the defendant requested the court to charge the jury, "that if they believed from the evidence that the defendant had carried a part of his cane to Haney's mill before he was warned not to travel said road, they may consider whether or not it was a good excuse for him to carry the balance of his cane along the road under the proof in the case." The court refused this charge, and the defendant excepted.

W. L. MARTIN, Attorney-General, for the State.

McCLELLAN, J.—The charge requested by the defendant was properly refused. It was in evidence, that "by cuting out a new road, a short distance through open piney woods, perhaps 100 yards, and cause-waying a small boggy branch," any necessity the defendant would otherwise have been under to use the road across the land of the prosecutor, which he had been warned not to do, would have been obviated. Without undertaking to define those terms as employed in the statute creating the offense of trespass after warning (Code, § 3874), we are satisfied that there was no such conduct on the part of the prosecutor, with respect to the opening of the road originally, and no such necessity for the defendant to use it after warning, as would furnish "legal cause or good excuse" for the act charged.

This being the only point reserved for consideration, the judgment of the Circuit Court is affirmed.