[Lewman & Co. *et al.* v. Andrews, Admrx.]

# Lewman & Co. *et al. v.* Andrews, Admxr.

*Action to recover Damages for Death of Plaintiff's Intestate alleged to have been caused by Defendant's Negligence.*

1. *Negligence; action for cutting ditch along public road;. charge to jury.*—In an action to recover damages for the death of plaintiff's intestate, where it is alleged in the complaint that the defendants dug a ditch "across a public road or highway or road along which pedestrians were accustomed to pass," and negligently left such ditch open and unprotected, by reason of which negligence the plaintiff's intestate, while passing along said road, was injured by falling into the ditch and died from such injuries, in order for the plaintiff to recover, it is necessary for him to prove that the defendants cut the ditch, into which his intestate fell, across a public road or road accustomed to be used by pedestrians, and that it was left open and unprotected, and,. therefore, a charge in such case is properly refused which assumes that the plaintiff was entitled to recover if his intestate was passing along a road which the public was accustomed to use, and without any negligence on his part, fell into the ditch left open and unprotected by defendant, pretermitting any reference to the fact whether such ditch was cut across such roadway by the defendant.

2. *Same; same; same.*—In such a case, a charge is properly refused which instructs the jury that "It is not necessary that plaintiff should prove that the road or path was a public road along which he was walking, and where he is alleged to have fallen, in order to make out a *prima facie* case;" since proof that the road was one along which pedestrians were accustomed to pass, was sufficient to meet the allegations of the complaint.

3. *Same; same; same.*—In such a case, a charge which instructs the jury that "There is no evidence that at the point where plaintiff's intestate fell into a ditch or drain there was a. public road," is properly refused as being misleading.

APPEAL from the Circuit Court of Mobile.
Tried before the Hon. WILLIAM S. ANDERSON.

This was an action brought by the appellee, Leana Andrews, as administratrix of the estate of John Richardson, deceased, to recover damages for the death of plaintiff's intestate, which was alleged to have been caused by the negligence of the defendants; the plaintiff claiming $10,000 damages. There were six counts in the complaint. The averments of the respective counts, the pleas interposed and the facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

Upon the introduction of all the evidence the court, at the request of the plaintiff, gave to the jury the following writen charges: (1.) "If the jury believe from the evidence that John Richardson was passing along a road which the public was accustomed to and did use, as a footway, and without any negligence on his part, acting as a reasonable and prudent man, fell into a ditch left open and unprotected by the defendants, they must find for the plaintiff." (2.) "The court charges the jury that it is not necessary that plaintiff should prove that the road or path was a public road along which he was walking and where he is alleged to have fallen in order to make out a *prima facie* case." The defendants separately excepted to the giving of these charges, and duly excepted to the court's refusal to give the following charge requested by them: (6.) "I charge you, gentlemen of the jury, that there is no evidence that at the point where Richardson fell into a ditch or drain there was a public road."

There were verdict and judgment for the plaintiff, assessing her damages at $1,500. The defendants appeal, and assign as error the giving of the charges requested by the plaintiff and the refusal to give the charge requested by the defendants.

B. B. BOONE, for appellants.—The first charge requested by the plaintiff was erroneous, because it pretermitted all inquiry as to whether the ditch was cut across the road by defendants. These averments were made in the complaint, and in order to recover it was necessary for the plaintiff to prove them.—*H. A. & B. R.*

*R. Co. v. Dusenberry,* 94 Ala. 417; *Smith v. Causey,* 28 Ala. 655; *L. & N. R. R. Co. v. Coulton,* 86 Ala. 129; *L. & N. R. R. Co. v. Johnson,* 79 Ala. 436.

JOHN E. MITCHELL, *contra.*—The allegations in the several counts of the complaint that the defendants dug the ditch across the road, was an entirely immaterial one. The digging of the ditch across the road was not an essential constituent of the defendants' negligence, and, therefore, the first charge requested by the plaintiff was properly given. Even if there was a variance by the plaintiff's failure to prove that the defendants dug the ditch, such variance was not available to the defendants, since it was in reference to an immaterial and unessential fact.—*Peck v. Ashurst,* 108 Ala. 429; *Folsom v. Lewis,* 11 S. E. Rep. 606; *Stearns v. Reidy,* 25 N. E. Rep. 762; *Marquet v. LaDuke,* 55 N. W. Rep. 1006; *Moseley v. Wilkinson,* 24 Ala. 411; *Smith v. Kaufman,* 100 Ala. 408.

HARALSON, J.—1. There were six counts in the complaint all of which, except the third and sixth, allege that defendants dug a ditch "across a public road or highway, or road along which pedestrians were accustomed to pass," into which the plaintiff's intestate fell and was so injured that he died.

The third averred, that they "dug a ditch across a public road or highway, along which pedestrians were accustomed to pass;" and the sixth, that they "dug a ditch across a certain road which [was] in general use as a wagon and foot way." Each count except the 2d contained substantially, in different forms of expression, the same averment of duty on the part of defendants, namely, to fill in or bridge over, or otherwise cover said ditch, so that the road would be left substantially as safe to foot passengers as it was before said excavation, from which neglect of duty, the plaintiff's intestate was injured, etc. The 2d, without averring as the others did, the duty to bridge or otherwise guard the road, averred that defendants "negligently failed to restore said road to as substantially safe condition as

it was before said ditch was dug, until after the injury herein complained of occurred," etc.

The pleas were the general issue, and a special plea of contributory negligence on the part of the plaintiff's intestate.

2. There was no conflict in the evidence that the ditch was cut by the defendants; but it was in conflict as to whether or not the road was a public road or highway, but not that the road was one which was used by the public as a foot-way, along which pedestrians were accustomed to pass, and that defendants knew that fact.

The evidence showed also, without conflict, that the road along which pedestrians were accustomed to pass, and in which plaintiff's intestate fell, did not cross said ditch; that for the plaintiff tending to show, that the ditch was dug up or close to the path on the west side at the point where deceased fell in, and then skipped it, and did not pass through it, but left the pathway untouched, but unguarded; that for the defendants tending to show, that the ditch was not dug to or near the pathway on the west side, but was dug within from 10 to 20 feet of it on the east side as variously estimated by witnesses. The plaintiff's evidence tended to show that this road had been used for thirty years or more by the general public by persons in vehicles and on foot; that recently, on account of a wash, that part of the road where the ditch was, could not be traveled by people in vehicles; that they turned around a short distance and came into the road again further on, but not far off; but that it continued, as before, to be used by the public generally as a foot-path, along which pedestrians were accustomed to pass.

Stein, a witness for defendants, testified, that he was the owner of the land through which the road and path passed; that he had never given permission for the road to be opened or used, but had suffered it to be used by the public generally as a wagon and foot-way, without objection, ever since he owned the property, and for thirty-odd years it had been so used.

3. The case is presented here alone upon charges given and refused.

The first charge asked and given for the plaintiff, assumes that the plaintiff was entitled to recover, on the facts hypothesized, without any reference to the fact, whether the ditch into which intestate fell, crossed the path and was left open and unprotected or not. It seems to have been assumed in the charge, that the crossing of the path by the ditch as averred in the complaint, was an immaterial averment, unnecessary to be proved by plaintiff. But as to this, we apprehend the court fell into error. The particularity of the description of the *locus in quo* of the accident,—that the defendants dug the ditch across the road or path along which pedestrians were accustomed to pass; that it was the duty of defendants to fill in or bridge over, or otherwise cover said ditch, so that said road would be left substantially as safe to foot passengers as it was before said excavation, and that defendants failed to fill in or otherwise cover said ditch where it crossed said roadway, as it was their duty to do, but left said ditch open, etc,—makes it a matter essential in description of the identity of that which is legally essential to the claim of the plaintiff, necessary to be proved, or a variance between the allegations and proof would result.—1 Gr. Ev., §§ 56-63; *L. & N. R. Co. v Johnston,* 79 Ala. 436; *Johnson v. State,* 35 Ala. 363; *Smith v. Causey,* 28 Ala. 655; *H. A. & B. R. R. Co. v. Maddox,* 100 Ala. 618; *Johnson v. Whitfield,* 124 Ala. 508.

4. The road need not have been a public one in the sense that it was controlled and kept by the public, if, as averred in the complaint,—on which issue was taken,—it was a "road along which pedestrians were accustomed to pass, near the village of Spring Hill." "A public highway is one under the control and kept by the public, and must be either established in a regular proceeding for that purpose, or be generally used by the public for that purpose for twenty years, or dedicated by the owner of the soil and accepted by the proper authorities."—*Harper v. The State,* 109 Ala. 66; *McDade v. The State,* 95 Ala. 28. There was no error therefore in giving charge numbered 2 for plaintiff.

For the same reasons charge 6 requested by defendant was properly refused. Moreover, if given its tendency would have been to mislead the jury into believing that if plaintiff had not shown by the evidence that a road, which was a public one in the sense defined above, existed at the point, she could not recover.

5. Whether or not this road or pathway had become under the evidence a public way or not, it is, perhaps, immaterial to decide. The question, when a highway not established by law, or dedicated by the owner to public uses, becomes a public way when generally used by the public for that purpose for twenty years, is well settled, by the decisions of this and other courts, and there can be no difficulty in determining it on another trial, if important.—*Harper v. The State, supra; Forney v. Calhoun County,* 84 Ala. 215; *Steele v. Sullivan,* 70 Ala. 589; *Hoole v. Att'y General,* 22 Ala. 190; 9 Am. & Eng. Ency. Law (2d ed.), 22.

6. The bill of exceptions in this case appears to be a stenographic report of the questions propounded to each witness and their answers thereto. No ruling on evidence adverse to the defendant was made, so far as we have been able to discover, and, certainly, no error is assigned on account of the admission or rejection of evidence. The bill of exceptions was thus spread out to great and unnecessary length, covering about 88 pages of transcript paper. It might have been condensed to at least one-third of that length if it had been prepared according to rule 33 of practice in circuit courts, providing how bills of exceptions should be framed. It offends the rule simply in its unnecessary length, containing much that was unnecessary to be incorporated for a proper review of the charges, on which errors alone are assigned, or for passing on the motion for a new trial as made. We are loath to disallow the bill and affirm the judgment, as moved by appellee, for what may be an inadvertent violation of the rule by defendants' counsel. But, the case is one such as that the appellant should be taxed with two-thirds of the costs of the appeal, which will be done, and if this cost is not paid by the next call of the First Division in this court, the appellee may move the court to set aside the

judgment of reversal and renew his motion to strike the bill of exceptions. We confine this ruling to this case. Cases may arise where the violations of the rule may be so gross, as that we may· feel justified in disallowing the bill of exceptions and affirming the judgments rendered.

Reversed and remanded.