## LEROY S. STARRETT *v.* WALLACE LORD ᴇᴛ ᴀʟ.

Worcester, May, 1905.

*Land Registration Act — Practice — Examiner's Abstract and Report — Deeds Not in the Direct Chain of Title — Burden of Proof — Prescription.*

The principal question in controversy in this case is as to the right of the respondents, who are the owners of mill privileges situated on a canal leading from the south branch of Miller's river in the town of Athol, to maintain a dam across the north branch of the river from land of the petitioner. The right in question is claimed partly by grant and partly by prescription. In the course of the trial among other matters (not now material) one or two questions as to practice have arisen in regard to which a brief memorandum may be useful.

The petitioner asks for a ruling that the report of the examiner is not to be considered as evidence. The Land Registration Act provides for the appointment of examiners of title (sec. 11) and for their search of the records, investigations of the facts, and report thereon, to the Court, concluding with a certificate of opinion upon the title. The opinion of the examiner thus provided for is clearly for the assistance of the Court and not intended to be, nor is it susceptible of being, taken as evidence. The investigation of facts by him, although ex parte, is nevertheless a quasi judicial investigation, by a disinterested person, a sworn official of the Court, provided by statute for that purpose. An abstract of the records is not only a convenient, but necessary, piece of machinery in the administration of the Act.

The opinions of the examiner are not treated as evidence; the facts reported by him are; but neither the statute nor the practice of this Court gives them any other character than that of evidence submitted to the Court; much like testimony taken by deposition. If any portion of the evidence is not properly admissible, as for instance, the abstract of a deed not properly acknowledged, or an instrument foreign to the title, it is open to any party to object to it. Nor is it binding upon the Court, if admitted, otherwise than is any other evidence.

The petitioner next urges that many of the deeds contained in the abstract are foreign to the title. The Examiner has included in his abstract all deeds of the immediate locality which seemed to him to throw any light on the history of the title or to aid in identifying or locating any of the grants. I exclude all of these, whether in the official abstract of title or offered by the respondents, that are not in the direct chain of title, either of the petitioner or one of the respondents. The rest I admit. Those that are in the direct chain of title of any of the respondents after it diverges from the common title, are, of course, not evidence of the existence of the right which they recite or purport to convey, but are, it seems to me, clearly admissible as showing the nature of the respondents' claim in regard to their user, and also, while not evidence as against the petitioner of the existence of the right claimed therein, nevertheless are evidence of the existence and location of the thing in question, to wit: a dam; as well as of the practical construction given by the parties to those direct grants which are in themselves vague or uncertain. See Bagley v. N. Y., N. H. & H. R. R. Co., 165 Mass. 160.

As to the burden of proof, most of the cases cited relate to the particular form of action there under consideration. In these proceedings the petitioner chooses to assert a title as against all the world, and to ask to have it established

by a judicial decree. With the advantage which may accrue to him from this procedure, he also necessarily and voluntarily assumes the burden of an affirmative rather than a defensive action. The burden of proof is upon him throughout the action to show that he has a title free from encumbrances. This burden he temporarily meets when he shows a good record title. The respondents in asserting rights by prescription assume the burden, not of proof, but of meeting the petitioner's case. In order to do this they must throw in a sufficient counter-weight to balance the scales. Mere proof of user without more is not enough. In some of the old cases it is stated that there is a presumption from mere user sufficient to show prescription; but that is not the doctrine of the modern cases. Curtis Mfg. Co. *v.* Worcester, Land Court Decisions, p. 112, *ante,* and cases there cited. In old times occupation and user was literally always open and adverse. As the country has filled up and grown and business conditions changed, the adverse character of occupation has grown even more emphasized; but that of user, on the contrary, tends in the other direction; to peace rather than war between neighboring owners; to license rather than adverse use. The respondent does not meet the petitioner's clear record title without showing such user as is, at least, inconsistent with the petitioner's record title. If he does this, the burden of proof still rests on the petitioner. So as to the record title itself, the burden is not upon the respondents to prove the particulars of their right to abut a dam, but upon the petitioner to show that his title is clear of any right to abut a dam.