[Z. Cross v. The State.]


# Z. Cross *v*. The State.  ·

*Trespass After Warning.*

(Decided June 30, 1906.   41 So. Rep. 875.)

1. *Highways; Public Lands; Prescription.*—Under Rev. Stat. U. S. §
2477 (U. S. Comp. St. 1906, p. 1567) a roadway used by the pub-
lic over public lands for 20 years does not become a public
highway by user or prescription, the use being presumed to
be permissive, and not adverse to the government.

2. *Trespass; Offense; Evidence.*—The fact that the prosecutor agreed
with a third person on the day of the alleged trespass after
warning that prosecutor was leaving the road open until it
was determined whether or not he had the right to close it,
was inadmissible as.offering no defense or excuse for a trespass
by defendant.   .

3. *Same.*—The fact that prosecutor gave another permission to haul
lumber over this road after he had warned defendant not to
trespass on it, was immaterial as furnishing no excuse or de-
fense to defendant's trespass.

4. *Highways; Establishment; Mode.*—A highway becomes such only
by dedication, prescription, or proper proceedings before and
by the courts of County Commissioners or Boards of Revenue.

5. *Witnesses; Bias.*—It was competent, on cross examination of de-
fendant, to show that he had sworn out a warrant for prose-
cutor's arrest, as bearing upon defendant's bias.

7. *Criminal Law; Trial; Order of Proof.*—It is within the discretion
of the court to permit a witness, over defendant's objection,
to be re-examined in rebuttal.   .                     .

8. *Same; Evidence; Competency Established by Admission of Other
Evidence.*—Where it was shown by defendant that the road-
way in question was the only way of reaching the railroad sta-
tion from defendant's saw mill, it was competent to permit
evidence that prosecutor, after closing old way, cut a new way
which was used by people to reach points to which the old
roadway led.

9. *Same; Instructions; Exceptions.*—Exception taken· to an uncom-
pleted sentence of the court's oral charge is not available on
appeal.


APPEAL from Bessemer City Court.
Heard before Hon. WM. JACKSON.

[Z. Cross v. The State.]

The prosecution was begun by warrant and affidavit. The facts sufficiently appear in the opinion. The court in its oral charge said: "Evidence upon the part of the state shows defendant on the 8th day of August passing along on the property of Vandeford." There was objection to this statement. Further charging the jury orally, the court said: "I charge you as a matter of law that there are only three ways in Alabama to establish a public road; that one is by board of revenue or county commissioners, one by dedication, and one by prescription. A public road must be a road either authorized by board of revenue or county commissioners and to establish it the law requires an application must be made to the board of commissioners. Such application must be made by petition and at least 30 days' notice of the intended application must be given by advertisement at the courthouse door and at three other places in the county, two of which should be in the immediate neighborhood of the place where road is to be established. The court must then issue a notice to seven disinterested householders of the county to view out the road and mark out the route for such proposed road and assess the value of the lands of the landowners; then mark out the route of the road and return their report to the court under oath, and a day is set for the hearing of the same; or a public road may be dedicated by the owner of the land through which it passes; or by prescription—prescription is the claim or title to the land or road by virtue of immemorial use or enjoyment—the right of title acquired by possession during the time and in the manner fixed by law." Further charging the jury orally, the court said: "I charge you, regarding the United States statute law, that the statute only gives permission. and it is only permission by the government, to enter on public land to establish a highway; but before it becomes a public road the state law would have to be applied, and before it could become a public road the state authorities would have to take hold of it and make it a public road according to the law of the state." The jury retired and returned and stated

[Z. Cross v. The State.]

to the court that they desired instructions on one point
in the case—if the continued use of the road 20 years or
more by the people would make it a public highway over
the public land. The court replied: "I charge you as a
matter of law that under the United States statute a
road used for 20 years or more while the land belonged
to the government or was a part of our public domain
would not make it a public road, unless it was so made by
the laws of Alabama, and that it must be established by
the laws of the state of Alabama and authorized in this
way or it could not be a public road." Exceptions were
reserved by the defendant to all these instructions. At
the request of the state, the court gave the following
written charge: "The court charges the jury that under
the undisputed evidence in this case they should con-
vict the defendant, unless they are reasonably satisfied
that he had a legal cause or good excuse for entering
upon the premises of Vandeford at the time for which
he is prosecuted." A number of charges were requested
by the defendant, and refused, which are not necessary
here to be set out.

PINKNEY SCOTT, for appellant.—Counsel discussed
assignments of error relative to the admission of testi-
mony but cites no authorities.

The court erred in its oral charge in stating to the
jury the tendencies of the State's evidence.—*McIntosh
v. State*, 140 Ala. 137. The Court erred in its oral
charge to the jury as to how a road may become estab-
lished.—*Hainesworth v. State*, 136 Ala. 19. The court
erred in its oral charge to the jury with reference to the
United States statute authorizing the establishment of
public highways across public lands.—*Smith v. Mitchell*,
21 Wash. 536; *Walloway Co. v. Wade*, 43 Oregon, 253.
Sec. 2477 Fed. Stat. Vol. 6, p. 498, and cases cited in
notes thereto.

Our laws recognize prescription as one of the modes
of establishing a public highway.—*McDade v. State*,
95 Ala. 28; *Western Ry. of Ala. v. Ala. Gt. R. R. Co.*, 96
Ala. 272. The right to acquire a highway under a Fed.
Statute has been declared to exist in this State.—*Tenn.*

[Z. Cross v. State.]

*R. R. Co. v. Taylor,* 102 Ala. 224. Under the above authorities the charges given to the State and the charges refused to the defendant were erroneous.

MASSEY WILSON, Attorney-General, for State.—Sec. 5602 of the Code does not relieve defendant of guilt in this case. Witness Greene was rightfully permitted to testify that a certain person was in possession of the land.—*Wright v. State,* 136 Ala. 139. It was discretionary with the court to permit a re-examination of Greene. —*Braham v. State,* 38 So. 919. The portion of the oral charge excepted to is a part of an incomplete sentence and cannot, for that reason, be reviewed.—*McNeil v. State,* 102 Ala. 121. The portion of the oral charge in reference to the creation of public highways was correct. —*Harper v. State,* 109 Ala. 66; *Lewman v. Andrews,* 129 Ala. 170. Section 2443, et. seq., Code 1896. The evidence showed that no acceptance of the grant by the government had been made by the State or County of the roadway over the public lands.—*Streeter v. Stallmaker,* 61 Neb. 205; *Rolen v. Emrich,* 99 N. W. 464; *Schwerdtle v. Placer County,* 108 Cal. 589; *Keene v. Fairview,* 8 S. Dak. 558; 9 A. & E. Ency. of Law, 72. Charges refused to the defendant were rightly refused. The excuse attempted to be set up in this case was not sufficient under the statute.—*Wilson v. State,* 87 Ala. 117.

DOWDELL, J.—The prosecution in this case was commenced on affidavit and warrant, in which the defendant was charged with trespass after warning. The evidence without dispute showed that the prosecutor, Vandeford, was the owner and in possession of the land at the time of the alleged trespass, and that he had warned the defendant prior to the alleged trespass and within six months not to go upon the land. The land was entered by the prosecutor as a homestead, the same being government land, six years prior to the alleged trespass, and the prosecutor had built upon and improved the same and perfected his right of entry in 1904. While the land was yet government land, a roadway traversed the same, which had been used and traveled by the people of

[Z. Cross v. State.]

the vicinity for more than 20 years. It was not shown to
have ever been recognized by any act of the county as a
public highway. Did it become one by its being used and
traveled by the people of the vicinity and the public gen-
erally for more than 20 years? We think not. Such use
will be presumed to have been permissive, and not ad-
verse to the government. The federal statute (section
2477 of the Revised Statutes of the United States (U. S.
Comp. St. 1901, p. 1567), which provides that "the right
of way for the construction of highways over public lands
not reserved for public uses, is hereby granted." cannot
be construed to mean that a roadway used by the public
over government land may become a public highway from
mere user or by prescription. The purpose of this stat-
ute is to authorize the construction of highways over
public lands not reserved for public uses, by authority of
law; that is, by the laws of the state or territory in which
the lands are situated.

There was no error in the court's ruling on the objec-
tions to the questions asked the witness Vandeford by
the defendant on cross-examination, in which it was
sought to be shown that the prosecutor agreed with one
Russell, on the morning of the 8th day of August, 1905,
the day of the alleged trespass, that he (the prosecutor)
would leave the road open until it was settled whether
he had the right to close it or not. It was not pretended
that any such understanding or agreement was made
with the defendant, and it certainly furnishes the defend-
ant no legal cause or good excuse for going upon the pros-
ecutor's land after he had been warned not to do so.
There was no error in refusing to allow the defendant to
prove that the prosecutor told the witness J. H. Russell,
in the presence of Tom Russell and others, on the 19th
day of August, that he had agreed to leave the road open
until that day. The fact that the prosecutor gave Char-
lie Sellers permission to use and haul lumber over the
road furnished no excuse to the defendant for going upon
the land after he had been warned not to do so.

There was evidence on the part of the defense tending
to show that the old roadway in question was the only

way of reaching Kimbell, a station on the railroad, from the defendant's sawmill. This evidence being offered by the defendant, it was not error to permit the state to show by the proescutor that, when he closed up the old roadway, he cut a new roadway, which could be and was used by people to reach the points to which the old road-way led. It is not reversible error to permit immaterial evidence to be rebutted by immaterial evidence.

There was no error in allowing the state, on the cross-examination of the defendant as a witness, to show that he (the defendant) had sworn out a warrant for the arrest of the prosecutor. This evidence was competent for the purpose of showing bias or feeling on the part of the witness.

There was no error in allowing, against the objection of the defendant, the re-examination of the witness Green in the rebuttal. This was a matter in the discretion of the court and is not revisable.—*Braham v. State,* (Ala.) 38 South. 919.

The first exception reserved to a part of the oral charge of the court to the jury, as set forth on page 19 of the record, shows that the portion excepted to is a part of an uncompleted sentence. We are unable to review this part so excepted to, for the reason that we are unable to say, in the absence of the omitted part of the sentence, what was the statement of the law by the court to the jury.—*McNeill v. State,* 102 Ala. 121, 15 South. 352, 48 Am. St. Rep. 17.

The court, in its oral charge as to what was necessary to establish a public road or highway, correctly stated the law.—*Harper v. State,* 109 Ala. 66, 19 South, 901; *Lewman v. Andrews,* 129 Ala. 170, 29 South. 692; Code 1896, § 2443.

On the undisputed evidence in this case the court committed no error in giving the general charge at the request of the solicitor. The court's action in refusing the several written charges requested by the defendant was free from error.—*Wilson v. State,* 87 Ala. 117, 6 South. 394.

[Taylor v. The State.]

. We find no error in the record of which the appellant can complain, or that is injurious to the appellant, and the judgment appealed from will be affirmed.

Affirmed.

WEAKLEY, C. J., and HARALSON and DENSON, JJ., concur.