# Carter v. Walker.

## Injury from Obstruction of Highway.

(Decided April 23, 1914. 65 South. 170.)

1. *Adverse Possession; Prescription; Rights of Government.*—A grant by the United States will be presumed on proof of adverse, exclusive and uninterrupted possession by another, whenever by possibility a right might be acquired in any manner known to the law, notwithstanding neither limitation nor prescription runs against the United States to the impairment of its title to property. Such presumption, however, is rebuttable in favor of the government or its grantees.

2. *Property; Title in Government; Presumption.*—As against the occupant of land, there is no presumption that the title remains in the government, and, where that fact is material, the burden of showing it is on him who affirms it.

3. *Same; Termination; Evidence.*—Where the land in question comprises but a small strip within or near to an old and populous community, the land itself and the adjacent land being occupied and in use, such facts are sufficient prima facie to show that the title to the land has passed out of the government, and become a subject of private ownership.

4. *Highways; Establishment; Adverse Possession.*—Although the public use of a roadway under a claim of right cannot be technically said to be an adverse possession of the way, it is an adverse possession of an easement therein, and so far as it concerns the raising of a presumption that title has passed from the government, it is the equivalent of actual possession of the land.

5. *Same; Prescription.*—If unexplained, the general use of the roadway by the public for twenty years raises a presumption of the

[Carter v. Walker.]

existence of all the other elements and conditions necessary to create a highway by prescription.

6. *Same.*—The establishment of a highway by prescription depends on its continuous, adverse use by the general public; specific recognition and care of the road by a county or by the municipal authorities is not essential to its status, although such recognition is strong evidence thereof.

7. *Same.*—Where the public have used a highway for the prescriptive period without disturbance from one lawfully claiming the land, or such one's grantee, the presumption in favor of the public right would relate to the beginning of the prescriptive period and intervening unasserted claims, including a claim for taxes, would be excluded.

8. *Same; Deeds; Evidence.*—On the issue as to the establishment of the highway by prescription, a deed to adjoining land reserving 30 feet along the west line of a described section, which was the land used as a highway, did not show a public right in the highway by dedication, but as it was executed in 1883, it was competent evidence as color of right in the public, in connection, with actual public use shown to have been begun about that time, although it did not appear that either the grantor or the grantee ever had possession of the roadway or the adjoining land.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Action by Mittie Carter against James Walker for damages for personal injury caused by an obstruction across an alleged public highway. Judgment for defendant and plaintiff appeals. Reversed and remanded.

SAMUEL B. STERN, for appellant. The first inquiry is what is a public road and how is a public road established. The question is answered by the following authorities.—37 Cyc. 17, 18 and 21; *Rosser v. Bunn,* 66 Ala. 89; *Jesse-F. Co. v. Forbes,* 29 South. 683; *Cochran v. Percy,* 152 Ala. 354; *Wes. Ry. v. Ala. G. T. Co.,* 96 Ala. 272, and authorities cited. Under these authorities, and under the evidence the road had become a public road by prescription and user. The road was dedicated to the use of the public.—13 Cyc. 454; 464; *Noojin v. Carson,* 27 South. 490; *Quinn v. State,* 49 Ala. 353; *Steele v. Sullivan,* 70 Ala. 592. The court erred in giving the general charge for defendant.—*Dodge v. Irvington L.*

*Co.,* 158 Ala. 91; 2 Smith's Leading Cases, 1396; 22 N. Y. 44; 40 Mich. 567; *L. & N. v. Lancaster,* 121 Ala. 471; *McCormick Co. v. Lowe,* 151 Ala. 313.

W. K. TERRY, for appellee. The complaint alleged that the road was a public highway, and the evidence failed to show that the title to the road had ever passed out of the federal government, and failed to show that it was a public highway or other highway.—*Jones v. Bright,* 140 Ala. 271; *Miles v. State,* 20 Ala. 86; *Mc-Dade v. State,* 95 Ala. 30; *Cross v. State,* 147 Ala. 125. The affirmative charge was therefore properly given.

SOMERVILLE, J.—The plaintiff sues on account of personal injuries caused by a wire which defendant stretched across a certain alleged *public highway.*

There was abundant evidence to show that the way in question had been used by the general public continuously and under claim of right for more than 20 years, and the evidence to this effect would have been sufficient to support a finding by the jury that the way had become a public highway by prescription, as against the owner of the land.—*Rosser v. Bunn,* 66 Ala. 89; *West. Ry. of Ala. v. A. G. T. R. R. Co.,* 96 Ala. 272, 11 South. 483, 17 L. R. A. 474; *Cochran v. Purser,* 152 Ala. 354, 44 South. 579.

There was, however, no direct evidence that the title to the roadway had ever passed out of the United States government; and, upon the theory that prescription does not run against the government, the trial court held that the public use for the prescriptive period was no evidencce of public right, and hence that the roadway was not a public highway. In accordance with this view, the jury were instructed to find for the defendant.

Although neither limitation nor prescription runs

against the United States government to the impairment of its title to property, yet "a grant will be presumed upon proof of an adverse, exclusive and uninterrupted possession for 20 years, and that such rule will be applied as a présumptio juris et de jure, whenever by possibility a right may be acquired in any manner known to the law."—*United States v. Chavez,* 175 U. S. 509, 522, 20 Sup. Ct. 159, 163 (44 L. Ed., 255). Of course, this presumption is rebuttable in favor of the government or its grantees.

In this state there is no presumption as against the occupant of land that the title remains in the government; and, where that fact is material, the burden of showing it is upon him who affirms it.—*Dodge v. Irvington Land Co.,* 158 Ala. 91, 48 South. 383, 22 L. R. A. (N. S.) 1100; *People v. Rector of Trinity Church,* 22 N. Y. 44.

Indeed, where the land in question is but a small tract or strip, within or adjacent to an old and populous community, itself and the adjacent lands being occupied or in use, this may be sufficient evidence prima facie, that the title to such tract has passed out of the government and become a subject of private ownership.

While the public use of a roadway under claim of right is not technically an adverse possession of the way, it is an adverse possesion of the easement therein; and, so far as concerns the generation of the protective presumptions above stated, it must be regarded as the substantial equivalent of an actual possession of the land. Certainly there can be no logical distinction between them.—Elliott on Roads and Streets, § 180, p. 193.

And it has been held, correctly, we think, that the general use of a roadway by the public for 20 years will, if unexplained, raise a presumption of the existence of all other elements and conditions necessary to create a

highway by prescription.—*Toof v. City of Decatur,* 19 Ill. App. 207 (cited with approval in *Chicago v. Chicago, etc., R. Co.,* 152 Ill. 561, 38 N. E. 768, 733).

The principles we have stated are not at all in conflict with any of the former decisions of this court, which simply hold, in effect, that, where title appears to have been in the government during the period of prescription, the prescription does not run, and is, of course, not effective against one who claims the land through government grant.—*Cross v. State,* 147 Ala. 125, 41 South. 875; *Tutwiler v. Kendall,* 21 South. 332.

The establishment of a highway by prescription depends upon its continuous adverse use by the general public who have occasion to use it; and specific recognition and care of such a road by county or municipal authorities is not essential to its public character and status, although such official recognition and care would of course be strong evidence thereof.—37 Cyc. 29 (III), and the numerous authorities cited. See, also, for general definition, *Harper v. State,* 109 Ala. 66, 19 South. 901; *Lewman v. Andrews,* 129 Ala. 170, 29 South. 692; *Dunn v. Gunn,* 149 Ala. 583, 42 South. 686.

If the prescriptive period was completed without disturbance by an owner lawfully claiming, or by his alienee, the presumption in favor of the public right would relate back to the beginning of the prescriptive period, with the result that intervening unasserted claims, including a claim for taxes, would be wholly excluded.

While it does not appear that either Hiram McDaniel or his grantee, Elizabeth Miles, ever had possession of this roadway or the adjoining land, and hence his deed to her with a reservation of 30 feet along the west line of section 35 cannot show a public right by dedication, yet, as it was executed in 1883, and covered the part of the

[Garth v. Nashville, Chattanooga & St. Louis. Ry.]

section in question, it was competent evidence as *color of right* in the public, in connection with an actual user shown to have begun about that time.

It was, perhaps, not admissible as a vehicle of reputation concerning a matter of public interest, unless it appeared that the parties were dead. See 2 Wigmore on Ev. § 1592, citing *Weld v. Brooks,* 152 Mass. 297, 305, 25 N. E. 719; also *Bagley v. N. Y., etc., R. Co.,* 165 Mass. 160, 42 N. E. 571.

It results, from the foregoing views, that the trial court erred in not submitting the cause to the jury without peremptory instructions, and the judgment must be reversed.

Reversed and remanded.

ANDERSON, C. J., and MCCLELLAN and SAYRE, JJ., concur.