# Trammell v. Bradford.

### Bill to Enjoin Obstruction of Road.

(Decided December 7, 1916.  Rehearing denied January 18, 1917.
73 South. 894.)

1. **Dedication; Highway.**—A road may be effectually dedicated to public use either verbally or in writing, by a single act or a series of acts if clear and unequivocal as indicating the intention of the owner; a single and unequivocal declaration by the owner may be sufficient.

2. **Same; Acceptance.**—While the dedication of a highway must be accepted by the public, yet formal acts are not necessary; acceptance may be effectually shown by general user, which need not be for any particular

[Trammell v. Bradford.]

length of time but only long enough to show that the public are acting on the theory of a public right resulting from a dedicatory act or acts of the owner.

3. **Highways; Obstruction; Pleading; Dedication.**—The allegation of the bill and the amendments considered, and it is held that the amended bill sufficiently showed the dedication of the road and its acceptance and use by the public.

4. **Same; Public Road.**—To be a public road a highway must be so situated and physically connected as to be accessible to the public; it is enough that the public have actual access to the road whether by a neighborhood or a mere settlement road, or by some public highway, the real test being public use, and not public road connections.

5. **Same; Acceptance.**—Dedication of land as a public road is completed by acceptance by the public through public user, and acceptance on the part of the public by and through its public officers is not necessary.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by G. R. Trammell against William H. Bradford. From a decree sustaining demurrer to the bill, complainant appeals. Reversed, rendered, and remanded.

The bill alleges that, having in mind a convenience for themselves and the public at large in and about a roadway through the middle of a quarter section, complainant and respondent, being the owners on either side of the line between said quarter section, agreed that the road should be opened along said section line the width of an ordinary road, and that the same should be a public road to be opened and used by the public as a road, and that the road as established should constitute the boundary line between the lands of said respondent and complainant; that, in compliance with the agreement, both parties hereto opened up said road, and the same was open to the public, and has been used by the public without hindrance continuously for the year 1903 until about May 14, 1915; that complainant and respondent, until the date last mentioned, have always conducted themselves by using said roadway for vehicles and otherwise, and by allowing the public to use the same at will, and as of right, so as to induce a well-founded and reasonable belief that it was intended by the owners of said land to dedicate said roadway to public uses, and the public has so acted thereon, and have used said roadway as above intended. The amendment alleges that both complainant and defendant, and the public generally, have used said road without let or hindrance, and as of right as a public road continuously until the time the same was obstructed by

[Trammell v. Bradford.]

defendant, and complainant avers that said road was by the acts of complainant and respondent dedicated to the public as a public road, and was so accepted by the public by the user of the same as a public road, and complainant avers that he individually thereby acquired an easement in said roadway for the use of himself, which is of pecuniary value to complainant, and complainant avers that at the time of said dedication he and respondent owned said quarter section as alleged, and that he is still the owner of part of said quarter section, and has been continuously the owner of same from the time said road was cut out and opened by himself and respondent until the present time, and is still the owner. The bill contains the further averment that by reason of the obstruction of said road complainant is compelled to go by a more circuitous route to certain points named therein. The obstructions placed in said road by respondent are also alleged and set out.

W. K. TERRY, for appellant. A. & F. B. LATADY, for appellee.

SOMERVILLE, J.—The bill of complaint is filed to prevent the obstruction by respondent of an alleged public roadway established by the joint agreement and action of complainant and respondent between their lands in 1903, "with the express understanding on the part of each that thenceforward said strip should be taken and considered as and for a boundary line between their respective parts of said quarter section, and as for a public road for themselves and the public at large." It is alleged that this road has been continuously used as a public road by these parties and the general public, "without let or hindrance and as of right," until its obstruction by respondent in 1915. It is further specifically alleged that "said road was by the acts of complainant and defendant, as hereinabove alleged, thereby dedicated to the public as a public road, and was so accepted by the public by the user of the same as a public road."

(1) On common-law principles, which still prevail in this state, a road may be effectually dedicated to public use either "verbally or by writing, by a single act or a series of acts, if clear and unequivocal, as indicating the owner's intention."— *B. Land Co. v. Jenkins,* 111 Ala. 135, 148, 18 South. 565, 568, 56 Am. St. Rep. 26. A single clear and unequivocal declaration by the owner may be sufficient for this purpose.—*Forney v. Cal-*

*houn County,* 84 Ala. 215, 4 South. 153; *Steele v. Sullivan,* 70 Ala. 589.

(2) The dedication must of course be accepted by the public, but formal acts are not necessary, and acceptance may be effectively shown by a general user by the public. This user need not be for any particular length of time, but only long enough to show that the public are acting upon the theory of a public right resulting from the dedicatory act or acts of the owner.—*Stewart v. Conley,* 122 Ala. 179, 27 South. 303; 1 Elliott on R. & S. (3d Ed.) § 178.

(3) The allegations of the amended bill sufficiently show the dedication of the road in question and its acceptance by the public. The bill shows that the road in question passes "through said quarter section * * * to a settlement road leading into a public road," which latter road connects "Clear Creek public road and the Jasper public road." One ground of demurrer makes the point that this road cannot be a public road, because, as shown by the bill, it does not connect with a public road at either end.

(4) To be a public road a road must, of physical necessity, be so situated and connected as to be accessible to the public. But it is enough that the public have actual access to the road, whether by a mere neighborhood or settlement road or by some established public highway. The fact that this section of road is a cul-de-sac, or has no public road connection, may be more or less persuasive as evidence to show that its use is in fact private and limited rather than public and general; but the test is public use, and not public road connections.—1 Elliott on R. & S. (3d Ed.) §§ 2, 11.

We hold that the amended bill is not subject to any of the grounds of demurrer assigned.

Let the decree of the chancery court be reversed, and a decree here rendered overruling the demurrer to the bill of complaint.

Reversed, rendered, and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.

ON APPLICATION FOR REHEARING.

SOMERVILLE, J,—(5) It is now urged in behalf of the appellee that the dedication of land as a public road is not complete without acceptance on the part of the public by and through

[Trammell v. Bradford.]

its municipal officers; in short, that acceptance is not sufficiently shown by mere long continued user. The cases which are supposed to support this contention are: *McDade v. State,* 95 Ala. 28, 11 South. 375; *Harper v. State,* 109 Ala. 66, 19 South. 901; *Lewman v. Andrews,* 129 Ala. 170, 29 South. 692, and *Cross v. State,* 147 Ala. 125, 41 South. 875.

In *McDade v. State, supra,* there is quoted without comment the definition of a "public highway," as stated in *Kennedy v. Williams,* 87 N. C. 6: "A public highway is one under the control of and kept up by the public, and must either be established in a regular proceeding for that purpose, or generally used by the public for twenty years, or dedicated by the owner of the soil and accepted by the proper authorities."

There was no evidence of express dedication of the soil by the owner, and it was used as a "turnout" from the regular highway only on isolated occasions. The decision in no way involved the question of acceptance of a dedication by the public, nor does the opinion so treat it.

In *Harper v. State, supra,* the same definition is quoted from the same case, but the opinion declares that: A dedication "must be completed by the acceptance of the public, which may be manifested *from any public use,* or by some corporate act, or acts of public officers, recognizing and adopting the highway as public." (Italics supplied.)

In *Lewman v. Andrews, supra,* the same definition is again quoted, citing the *McDade* and *Harper Cases.* Again there was no question of dedication or acceptance, and the court remarks that: "The question, when a highway *not* established by law, *or dedicated by the owner* to public uses, becomes a public way when generally used by the public for that purpose for 20 years, is well settled by the decisions of this and other courts"—citing *Harper v. State, supra; Forney v. Calhoun County,* 84 Ala. 215, 4 South. 153; *Steele v. Sullivan,* 70 Ala. 589; and *Hoole v. Atty. Gen.,* 22 Ala. 190. (Italics supplied.)

In *Cross v. State, supra,* the decision turned upon a construction of the federal statute (section 2477, Rev. St. U. S. [Comp. St. 1913, § 4919]), granting a right of way over public lands for the "construction of highways," which was held to mean construction by authority of the laws of the state or territory in which the lands are situated. There was no question there of either dedication or acceptance.

[Trammell v. Bradford.]

If the language quoted from the North Carolina cases was intended to limit the proof of acceptance of an express dedication by requiring direct evidence of some affirmative action by a municipal board or officer having authority, it is opposed to substantially all of the American cases, including our own. That it has never been cited to such a conclusion by this court is perfectly clear.

On the contrary, that acceptance of an express dedication may be sufficiently shown by a long public use merely has been settled beyond further controversy.—*Steele v. Sullivan,* 70 Ala. 589, 594; *Forney v. Calhoun County,* 84 Ala. 215, 4 South. 153; *Moore v. Johnston,* 87 Ala. 220, 6 South. 50; *Harper v. State,* 109 Ala. 66, 69, 19 South. 901; *Stewart v. Conley,* 122 Ala. 179, 186, 187, 27 South. 303; *Moragne v. City of Gadsden,* 170 Ala. 126, 54 South. 518. And so nearly all the authorities hold.— 9 Am. & Eng. Enc. Law, 43; 13 Cyc. 465, *Riley v. Buchanan,* 116 Ky. 625, 76 S. W. 527, 63 L. R. A. 642, 3 Ann. Cas. 788, and note, 792; *So. Pac. Ry. Co. v. Feris,* 18 L. R. A. 510, note; *Benton v. City of St. Louis,* 217 Mo. 687, 118 S. W. 418, 129 Am. St. Rep. 561, and notes, 567, 609. In the Cyc. text last cited it is tersely and correctly said that: "An offer of dedication, to bind the dedicator, need not be accepted by the city or county or other public authorities, but may be accepted by the general public; to deny this would be to deny the whole doctrine of dedication."

See, also, *Carter v. Walker,* 186 Ala. 140, 144, 6 South. 170.

As to whether or not such an acceptance will render the mu nicipal body liable for the care and maintenance of the highway, it will appear from the texts and notes above cited that the authorities are much divided. But with that question we are not now concerned.

Rehearing denied.