(107 So. 78)

STILLWELL v. McCOLLISTER.
(5 Div. 932.)

(Supreme Court of Alabama. Jan. 14, 1926.)

1. Municipal corporations ⬅654—Bill showing user of street for 30 years held to create presumption of dedication imposing on owner burden of proving permissive user.

Bill of complaint, showing that street had been in continuous use by public for more than 30 years, held to raise legal presumption of dedication by owner to public use, which, although only prima facie, places on owner burden of proving that public user was permissive merely, or of showing some fact negatory of act of dedication.

2. Municipal corporations ⬅653—Bill need not aver public user of roadway was exclusive.

Bill alleging public use of roadway for more than 30 years, raising presumption of dedication, need not allege further that public user of roadway was exclusive, since contrary, if true, was matter of defense.

3. Pleading ⬅7—Presumptions of law, though prima facie only, need not be expressly pleaded.

Presumptions of law, though prima facie only, need not be expressly pleaded.

4. Municipal corporations ⬅653—Bill alleging public use of roadway for 30 years held sufficient on demurrer.

Grounds of demurrer, interposed to bill by individual to enjoin obstruction of street, and alleging public user for more than 30 years, raising presumption of dedication, held not well taken.

Appeal from Circuit Court, Lee County; N. D. Denson, Judge.

Bill in equity by C. B. Stillwell against Thomas McCollister. From a decree on demurrer, complainant appeals. Reversed, rendered, and remanded.

The bill alleges that the Central of Georgia Railway runs through the city of Phenix City, east and west, a public street or highway being located on the south side of its tracks and right of way, along and over which street the complainant and the general public have traveled on foot and in vehicle for more than 30 years; that on September 24, 1889, McCollister and wife conveyed to the predecessor of said railway company a certain lot or parcel of land situated in Phenix City, upon the north side of which was erected a depot extending some 30 feet north and south, and leaving a space of said lot, about thirty feet north and south, on the south side of said lot, and running east and west a distance of 207 feet; that the public street running east and west through said city, along and immediately south of the railway right of way, turned southward at the east boundary of said depot lot, and left said depot a short distance south of the right of way on the west boundary line of said lot; and, that, as so located over and across said lot, said street or public highway has been in open, continuous, peaceable, hostile, and adverse possession of the complainant and the general public for more than 30 years. It is averred that complainant is the owner of the lot lying immediately west of said depot lot; that at the time he purchased same, about 5 years

ago, said street or highway ran as above described, and at that time the general public had an easement in and over said lot by adverse user which had been continued adversely, peaceably, notoriously, and continuously for more than 25 years; that said street cut off the northwest corner of the lot purchased by complainant; that there was then and is now a convenient and reasonable way of ingress and egress to said lot from said street as it has been located and used for more than 30 years; that complainant has erected valuable improvements on said lot, and that the value of said lot to him for manufacturing purposes, to which the same is subjected, is wholly dependent upon a convenient and reasonable entry from said street. It is further averred that the said depot was, in January, 1925, destroyed by fire; that for more than 25 years while said depot was situated on said lot, and after same was destroyed, the street across said depot lot was used by the general public and by complainant without let or hindrance until, in July, 1925, defendant, or some person acting by, through, and under him, without authority from the municipality or right conferred by the complainant and the general public, closed said street. It is averred, on information and belief, that the railway company has conveyed to defendant, the identical lot conveyed by defendant to the predecessor of said railway company, without any reservation of easement on account of said street running across said lot. It is further averred that defendant is obstructing the passage of complainant and the general public over said street without legal or equitable right, that complainant and the general public have an easement over said lot; and it is prayed, for complainant and those who care to join as complainants, that such easement be decreed, and that defendant be enjoined from obstructing said street or highway running across said lot.

Defendant demurred to the bill upon these grounds:

(1) There is no equity in the bill.

(2) The bill is filed by a private individual for the abatement of an alleged public nuisance.

(3) The allegations of the bill fail to show any damage, injury, or inconvenience that is peculiar to the complainant and not suffered by the public in common.

(4) The bill fails to show that the complainant does not have a convenient and reasonable way of ingress and egress to his lot to and from a street in Phenix City, other than the alleged street on which the alleged obstruction was placed by respondent.

(5) The bill shows that there has been no dedication of the alleged street to the public.

(6) The bill shows on its face that the use of the property described in section 3 of the bill by the public was permissive only.

(7) The allegations of the bill show that on the lot described in section 3 of the bill a railway company constructed its railway depot, and that a part of the lot on which the depot was situated was permitted by the railway company to be used by the public, and fails to show any circumstances whereby such user ever became adverse to the owner of the lot.

(8) The allegations in the bill that the general public had an easement in and over said lot by adverse use is a mere conclusion of the pleader.

(9) No facts are alleged or set out in the bill showing an adverse use of the said lot by the public, and no facts are set out wherefrom the court could draw the conclusion that the user of the lot has been adverse to the owner.

(10) The bill fails to allege or set forth any facts which would make necessary the granting of the right by the municipality of Phenix City to the respondent to close the alleged street.

The chancellor sustained the demurrer, and complainant appeals.

Frank M. De Graffenried, of Seale, for appellant.

Dedication of a road or street will be presumed when the public have used it for twenty years without objection from the owner. Locklin v. Tucker, 208 Ala. 155, 93 So. 896; Carter v. Walker, 186 Ala. 140, 65 So. 170. The allegations of the bill are sufficient. Birmingham v. Carlson, 209 Ala. 428, 96 So. 333.

Denson & Denson, of Opelika, for appellee.

If user be not exclusive, and not inconsistent with the rights of the owner, it will be presumed to be permissive. Jesse French Co. v. Forbes, 129 Ala. 477, 29 So. 683, 87 Am. St. Rep. 71; Lecroix v. Malone, 157 Ala. 445, 47 So. 725; 1 Michie's Ala. Dig. 151; Hill v. Wing, 193 Ala. 312, 69 So. 445. A permissive user will not ripen into title by prescription. Steele v. Sullivan, 70 Ala. 595. The demurrer was properly sustained. Alexander City Co. v. C. of Ga., 182 Ala. 516, 62 So. 745.

SOMERVILLE, J. In Locklin v. Tucker, 208 Ala. 155, 93 So. 896, we said:

"We think it is a sound rule of evidence, based on considerations of experience and practical convenience, that when the evidence shows an uninterrupted user by the general public of a roadway over reclaimed lands, for a period of 20 years or more, and there is nothing in the evidence to contradict the presumption of a dedication by the owner, such a presumption will be indulged from the fact of such user alone. This is the rule plainly deducible from the long line of cases above cited, beginning with Hoole v. Atty. Gen., 22 Ala. 190,

and ending with Carter v. Walker, 186 Ala. 140, 65 So. 170."

In Carter v. Walker, supra, we said, somewhat more specifically:

"That the general use of a roadway by the public for 20 years will, if unexplained, raise a presumption of the existence of all other elements and conditions necessary to create a highway by prescription."

These presumptions are not applicable to a public user for less than 20 years, in which case, of course, all the elements of adverse possession must be affirmatively shown.

[1] Under the principles stated above, we think the bill of complaint shows a state of facts from which, unexplained, a legal presumption arises of a dedication of the roadway by the owner to the public use. This presumption, it is true, is prima facie only, but it places on the owner the burden of showing that the public user was permissive merely, or not under claim of right; or to show some fact negatory of the fact of dedication.

[2, 3] Presumptions of law, though prima facie only, need not be expressly pleaded. It is sufficient to aver the facts from which the presumption arises. O'Neil v. B'ham. Brewing Co., 101 Ala. 383, 389, 13 So. 576. Hence it was not necessary to supplement the other showings of the bill by averring that the public user of the roadway was exclusive; the contrary, if true, being matter of defense to be set up by answer.

[4] The question here presented is one of pleading only, and, under the authorities above cited, we hold that the grounds of demurrer interposed are not well taken, and that the demurrer should have been overruled.

It is therefore ordered that the decree sustaining the demurrer to the bill of complaint be reversed, and a decree be here entered overruling the demurrer.

Reversed, rendered, and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.