(86 South. 907)

### WARREN v. SIMS et al.   (6 Div. 70.)

(Supreme Court of Alabama.   Oct. 28, 1920.)

**1. Dedication ☞41—Intention may be inferred.**

The intention to dedicate may be inferred.

**2. Dedication ☞44—Intent to dedicate held not shown.**

In an action to enjoin obstruction of an alleged public highway originally laid out by the landowner as a matter of private convenience and changed from time to time according to his own pleasure, facts *held* not to sufficiently show a dedication by the owner of the land, or a public use necessary to establish a prescriptive right in the public.

**3. Dedication ☞20(5)—Use by public must be exclusive of private rights of owner.**

Before the public can obtain a prescriptive right to the use of a way over private property, the public use should be exclusive of the private rights of the owner.

**4. Dedication ☞20(5)—Use of way by postal authorities showed no dedication.**

Use of a way established by a landowner by post office authorities as a part of a rural route *held* not to show a dedication of the land.

Appeal from Circuit Court, Cullman County; Robert C. Brickell, Judge.

Bill by W. R. Warren against J. F. Sims and others. From a decree dismissing the bill, the complainant appeals. Affirmed.

William E. James, of Cullman, for appellant.

The road was dedicated to the public. 111 Ala. 135, 18 South. 565, 56 Am. St. Rep. 26; 84 Ala. 215, 4 South. 153; 70 Ala. 589. Formal acts of acceptance are not necessary. 122 Ala. 179, 27 South. 303; 198 Ala. 513, 73 South. 894; 186 Ala. 140, 65 South. 170. A highway becomes public when used by the public for that purpose for 20 years. 198 Ala. 513, 73 South. 894; 109 Ala. 66, 19 South. 901; 129 Ala. 170, 29 South. 692; 202 Ala. 307, 80 South. 372. Equity will enjoin an obstruction thereof. 140 Ala. 365, 37 South. 246; 161 Ala. 525, 50 South. 80.

F. E. St. John, of Cullman, for appellees.

The court cannot consider the amended bill or the testimony not noted in the noted submission. 130 Ala. 575, 29 South. 201; 100 Ala. 200, 14 South. 9; 85 Ala. 474, 5 South. 305. From the evidence in this case the road was not a public road, and its use had not been acquired by subscription. 143 Ala. 291, 39 South. 303; 70 Ala. 589; 140 Ala. 268, 37 South. 79; 120 Ala. 203, 24 South. 352; 170 Ala. 278, 54 South. 236; 120 Ala. 502, 24 South. 855.

SAYRE, J. [1-3] By his bill in this cause complainant, appellant here, sought to enjoin defendants from obstructing an alleged public road. Aside from the difficulty which has arisen by reason of the fact that complainant failed to join in the note of submission made after his substitute bill had been filed and answered, we do not find that complainant is entitled to relief. Certainly there has been no formal dedication of this road to the public use, nor has there ever been any official dealing with it as a public road. An intention to dedicate may be inferred (Trammell v. Bradford, 198 Ala. 513, 73 South. 804): but the history of this road does not sustain such an inference. It was laid out originally by the landowner as a matter of private convenience; and, while neighbors, and even the general public, were permitted to use it, and neighbors from time to time made some desultory repairs, each according to his own pleasure, it does not appear that any considerable number of the public ever used it—there was no reason why they should—gates were maintained across it for several years, being discontinued after the adoption of stock law. Still later the road for the greater part of its length was changed to a location considerably removed from the original, and was used for a number of years in its new location, and then—for the reason, most likely, that by neglect it had become impassable—it was changed back to its original location. These changes appear to have been made by the landowner and without consultation with any public agency. This history covers a period of 35 years, but there has been no use of that part which was changed for as much as 20 consecutive years. However, there has been no change at the point where defendants have created the obstruction of which the bill complains; but the relation of this road to other highways in the vicinity is such that as a public road it can be of very little use unless open throughout its length. This history, which we have stated in mere outline, though, we apprehend, sufficiently for the purpose of this case, falls far short of showing a dedication by the owner of the land or a public use, exclusive of the private rights of the owner, such as is necessary to establish a prescriptive right in the public. Attorney General v. Lakeview Land Co., 143 Ala. 291, 39 South. 303; Steele v. Sullivan, 70 Ala. 589.

[4] Some importance seems to have been attached to the fact that a part of this road —not, however, the part which has been obstructed—has been used as a part of a rural route by the post office authorities of the United States, and one witness said it had been designated as a part of a rural route. In the circumstances stated we think the fact here alluded to signified for the public or against the owner of land at the point of the obstruction in question nothing more than the circumstances already stated. If the

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

post office department, as an agency apart from the general public whose right we have considered, was authorized to establish this road as a post road and thereby make it a public highway, it is enough to say that it has not so established that part of the road which lies at or near the obstruction in controversy. And, further on this point, the bare statement of the witness that a part of this road was "designated" as a part of a rural route indicates nothing more than that it was so used, though there may have been an entire absence of an intention to interfere with the private rights of the landowner.

Our conclusion is that the decree dismissing appellant's bill should be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BROWN, JJ., concur.

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes