(117 So. 481)

**STILL et al. v. LOVELADY et al.   (6 Div. 7.)**

Supreme Court of Alabama.   June 14, 1928.

T. B. Russell, of Haleyville, for appellants.

J. A. Posey, Roy Mayhall, and W. V. Mayhall, all of Haleyville, for appellees.

BOULDIN, J. The bill is to enjoin the obstruction of an alleged public road. Whether the roadway in question is a public highway by dedication or prescription is the issue presented by this appeal.

In Locklin v. Tucker, 208 Ala. 155, 93 So. 896, it was declared:

"When the evidence shows an uninterrupted user by the general public of a roadway over reclaimed lands, for a period of 20 years or more, and there is nothing in the evidence to contradict the presumption of a dedication by the owner, such a presumption will be indulged from the fact of such user alone. This is the rule plainly deducible from the long line of cases above cited, beginning with Hoole v. Atty. Gen., 22 Ala. 190, and ending with Carter v. Walker, 186 Ala. 140, 65 So. 170. See also, 18 Corp. Juris, 100 [§ 115] 5; Id., 101 [§ 116] h."

In this case our former decisions were reviewed, and those not in harmony therewith were expressly overruled. The rule stated has since been followed and must be regarded as the settled law as applied to the case before us. Gulf States Steel Co. v. Beveridge, 209 Ala. 473, 96 So. 587; Stillwell v. McCollister, 214 Ala. 141, 107 So. 78; Central of Ga. Ry. Co. v. Faulkner, 217 Ala. 82, 114 So. 686; Harvey v. Warren, 212 Ala. 415, 102 So. 899.

That the roadway has been open and in uninterrupted and continuous use by the public at large, as they had occasion to use it, for more than 20 years prior to its obstruction by respondents, is clearly proven, and without substantial conflict. Much evidence is directed to the extent of use.

The road in question begins at an intersection with an acknowledged public road in the outskirts of the present town of Haleyville, and extends south about half a mile to a farm residence known as the "Kelly" place, now occupied by complainant Martin. Complainant Lovelady owns and occupies a residence north of the Kelly place and south of respondents' property. For 40 years or more the road has been the way of ingress to and egress from the Kelly place, the only way alleged to be impressed with a public character. For more than 20 years a log cabin has stood near the present residence of W. C. Lovelady, and was occupied as a residence until some 8 to 10 years ago. Some 5 years ago W. C. Lovelady built his present residence. The evidence supports the contention that the main use of the road has always been as a means of ingress and egress from these residences and farms to market, post office, church, and school, and the going and coming of any and all persons who had occasion to go there on business or social visitation, or otherwise. South of the Kelly residence is a rugged wooded section. South Mineral Spring is here. Occasional picnic parties, sightseers, and others pass over the road to this region, an undeveloped wildwood. The Spring is in no sense a resort.

In the nature of the case the law lays down no fixed rule as to the quantum of travel over the road essential to impress upon it a public use. Although the chief user be a few families having special need therefor, this does not of necessity stamp it as a private way. It is the character rather than the quantum of use that controls. It seems clear enough that the general public, including these with special interests, have continuously used the road without let or hindrance as they had occasion so to do, and such combined use has been so constant and continuous as to mark at all times a well-defined highway for vehicles and pedestrians. As to public user this is sufficient. Trammell v. Bradford, 198 Ala. 513, 73 So. 894; 29 C. J. p. 373, 374, § 5.

Respondents own block F of a platted subdivision, suburban property of the town of Haleyville. They undertook to close this roadway across that block in 1927.

From 1889 to 1904 the subdivision including block F was owned and occupied by Judge John S. Curtis. In 1901 or 1902 he changed the location of this road on part of his land by moving it some 20 yards. This was to straighten up his lines of fencing. The road was also straightened and the new location opened to public travel. Judge Curtis, witness for respondents, sufficiently expresses his purpose in this regard by the following question and answer:

"Q. You left the road there for the public use of the community did you? A. Yes. I just opened the road and left it there for anybody to use it that wanted to."

The exercise of dominion over the site of the road by the landowner, as by closing it up, interrupts the running of a prescriptive right. But a change of location, opening a new road for public use to conform to his improvements, is a recognition of some public claim to a roadway and may readily be the beginning of a prescriptive period, or even of present dedication of the new site. Rosser v. Bunn, 66 Ala. 89.

A present dedication may arise by writing, by parol, or acts in pais clearly expressive of a purpose to devote the property to a public use followed by acceptance and user by the public. Hill v. Houk, 155 Ala. 448, 46 So. 562.

More than 20 years of continuous public use of the relocated road intervened before the obstruction made by respondents; hence we need not inquire whether the act of Judge Curtis at the time amounted to a dedication.

Much testimony and argument is directed to the loss or injury to respondents'

lands as suburban property of a growing town because of this roadway, and the practicability of relocating it so as to run south of their plat over the lands of another and connect with another converging public road.

All this is beside the mark. They hold cum onere. If a public road, it is not theirs to appropriate, however beneficial to them. If the best interest of all can be conserved by a change of location at this point, proceedings to that end should have been had before a lawful tribunal.

Taking it into their own hands to close the road subjects them to the restraining hand of a court of equity.

We conclude the trial court correctly decreed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.