71 So.2d 95

**AYERS   v.   STIDHAM et al.**

8 Div. 754.

Supreme Court of Alabama.

March 4, 1954.

Kennedy Williams, Russellville, for appellant.

W. H. Key, Jr., Russellville, for appellees.

LAWSON, Justice.

This suit was filed in the Franklin County Law and Equity Court, in equity, by T. M. Ayers and D. L. Hicks against John F. Stidham. The respondent, John F. Stidham, died before answer filed and the cause was revived against Lena Stidham, Idell Ray, Merrick Stidham and Doris Thrasher, as the widow and only heirs at law of John F. Stidham. After the respondents against whom the cause had been revived had filed their answer and the cause had come on for hearing, it was made known to the court that D. L. Hicks had not participated in the filing of the suit nor had he authorized his name to be used as a party complainant. Thereafter the cause proceeded to final decree with T. M. Ayers as the only complainant.

The purpose of the bill was to secure a decree requiring the respondents to remove an obstruction from an alleged public road.

Testimony was taken orally before the trial court, who found that the complainant had not met the burden of proof which was upon him and rendered a decree denying the relief for which complainant prayed and complainant's bill was dismissed. From that decree complainant has appealed to this court.

It is without dispute that John F. Stidham erected a fence across a road which ran through his forty-acre tract of land from approximately the southeast corner thereof to a church building and cemetery situated on the northern boundary of his land approximately half-way between the northwest and northeast corners of the said forty-acre tract.

The Stidham land is bounded on the south by a public road which runs east and west known as the Green Williams road. Prior to the time Stidham erected the fence it was possible to reach the church and cemetery from the Green Williams road by way of the old road, which we may refer to here-

after as the Cemetery road, which ran across the Stidham land.

At the southwest corner of the Stidham land the Green Williams road intersects a public road which runs north and south known as the Belgreen-Hamilton road, which road is the western boundary of the Stidham land. At the northwest corner of the Stidham land the public road known as the Henry Baker road intersects the Belgreen-Hamilton road. The Henry Baker road appears to cross the northwest corner of the Stidham land for a short distance and then runs in an easterly direction along the northern boundary of the Stidham land until it reaches the church and cemetery, when it turns north.

The complainant, Ayers, does not own any land which abuts on the road across which Stidham erected the fence. Complainant's property is situated on the south side of the Green Williams road at a point some distance east of the Stidham land which, as shown above, is north of the Green Williams road.

■■■ As we understand the evidence in this case, it supports no other reasonable conclusion than that the road which Stidham obstructed, although in a bad state of repair and infrequently used, was a public road. It is without dispute that it has been open to the use of those who wanted to use it for more than sixty years. It ran through reclaimed lands. Under our cases this is sufficient to raise a presumption of dedication to public use. It is now settled in this state that an open, defined roadway, through reclaimed land, in continuous use by the public as a highway without let or hindrance for a period of twenty years becomes a public highway by prescription. When such circumstances are shown, a presumption of dedication or other appropriation to a public use arises. The burden is then on the landowner to show the user was permissive only, in recognition of his title and right to reclaim the possession. Locklin v. Tucker, 208 Ala. 155, 93 So. 896 (wherein conflicts were recognized and some holdings overruled); Still v. Lovelady, 218 Ala. 19, 117

So. 481; Scruggs v. Beason, 246 Ala. 405, 20 So.2d 774; West v. West, 252 Ala. 296, 40 So.2d 873; Huggins v. Turner, 258 Ala. 7, 60 So.2d 909. There is a different rule as to ways over unreclaimed lands. See Benson v. Pickens County, Ala.Sup., 70 So. 2d 647.[1] There was no effort on the part of respondents to show the user was permissive only in recognition of the landowner's title.

■■ Although the evidence is to the effect that the road across which the fence was constructed was seldom used and was not maintained by the public authorities and was in a bad state of repair, the evidence was not sufficient to show an abandonment. The burden was on the respondents to show abandonment. Purvis v. Busey, ante, p. 373, 71 So.2d 18.

■■ When a road is shown to be a public road, a private individual is entitled to an injunction against encroachment or obstruction thereon when he has sustained special injury different, not merely in degree, but in kind from that suffered by the public at large. Sandlin v. Blanchard, 250 Ala. 170, 33 So.2d 472. The burden is on the complainant to allege and show such special injury. Walls v. C. D. Smith & Co., 167 Ala. 138, 52 So. 320; 39 C.J.S., Highways, § 127, page 1063.

The only injury which complainant has shown is that he is deprived of the use of the road as a means of getting to the cemetery where members of his family are buried. It is admitted that funeral processions have not used the obstructed road as a means of reaching the cemetery for many years, if ever. Church services are not conducted in the church building, although an occasional funeral service is held there.

In Scruggs v. Beason, supra, we held that the complainants had averred such special injury as to entitle them to maintain an action to enjoin the obstruction of a road leading to the cemetery where members of their families were buried. But in that case it was averred that the road which was ob-

1. Post, p. 436.

structed offered the only means of entry to the graveyard.

In the instant case it appears that complainant can reach the cemetery by using the public roads which we have referred to above. True, that route is more circuitous and a little longer, but we do not think those facts sufficient to show that complainant has suffered such special injury as to entitle him to maintain this action. Sunderland v. Martin, 113 Ind. 411, 15 N.E. 689.

This court is committed to the rule that if the obstruction forces the owner of land abutting on the obstructed road out of his direct, public street or road into a circuitous route in his commerce and intercourse with the outside world, he has suffered such a special injury not suffered by the general inhabitants of the state, county, or city and may maintain an action to enjoin such obstruction. Purvis v. Busey, supra, and cases cited. But the holding in those cases is in recognition of the principle that an abutting owner not only has the rights of the public generally but in addition has certain rights peculiar to him as an abutter. Elliott on Roads and Streets, 4th Ed., Vol. 2, §§ 876 and 897. But as pointed out above, complainant is not an abutter and the principle alluded to above has no application.

In Weiss v. Taylor, 144 Ala. 440, 39 So. 519, cited in Scruggs v. Beason, supra, the complainants were the heirs at law of the original owners of a burial lot in a cemetery and this court held that they were entitled to maintain a bill to remove obstructions, but the burial lot abutted on the alley or roadway obstructed. The alley or roadway obstructed was in the cemetery proper.

We are of the opinion that the complainant failed to meet the burden which was upon him to show such special injury as to entitle him to maintain this action and that the trial court acted correctly in denying him the relief for which he prayed and in dismissing his bill.

The decree is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.