324 So.2d 766

**The BAPTIST FOUNDATION OF ALABAMA**

v.

**Walter L. PENN et al.**

**SC 1112.**

Supreme Court of Alabama.

Dec. 18, 1975.

Rehearing Denied Jan. 15, 1976.

Richard H. Gill, Montgomery, for appellant.

Sterling G. Culpepper, Jr., Montgomery, for appellees.

BLOODWORTH, Justice.

The Baptist Foundation appeals from a final decree of the Circuit Court of Montgomery County enjoining it from obstructing a road. We affirm.

This case began as a suit by The Baptist Foundation to enjoin a continuing trespass to lands held by it under a testamentary trust. In its petition, The Baptist Foundation alleged that appellee Penn had crossed and was continuing to cross an old roadway or trail on the Foundation's lands and was grading, scraping, and filling the roadway to utilize it as access to a trailer park Penn planned to build. Appellee Penn denied any trespass by asserting that the roadway was the subject of a prescriptive easement in favor of the general public.

Following a lengthy hearing, the court found that the roadway in question had become a public roadway by prescription and denied the Foundation's request for a temporary injunction against Penn.

Penn then filed a cross bill averring that the road in question was a public road by prescription, seeking to enjoin the Foundation from any interference with his right to use the road and to improve it, and adding as parties various other owners of land adjacent to the road.

At the conclusion of a hearing held to consider Penn's cross bill, the court again found that the road in question is a public road. The court also found that Penn would suffer damages greater in kind and degree than that of the general public if the road were blocked or obstructed and granted Penn's request for an injunction enjoining the Foundation from obstructing the road, from which decree the Foundation now appeals.

The Foundation contends that it made out a prima facie case at the preliminary injunction hearing by establishing its title to, and possession of, the land on which the road is situated, by establishing that the road lay entirely within its property, by establishing that Penn did not have its

permission to change the character of the road, and by establishing that Penn did enter its land with road machinery, trucks, and fill material. The Foundation further contends that, because Penn was the moving party at the second hearing, Penn bore the burden of affirmatively establishing a prescriptive right to use the road, as well as the burden of establishing Penn's individual right to an injunction different from the general public. It is the Foundation's contention that Penn did not meet these burdens.

Although it is undisputed that the roadway in question was never a road recognized and maintained by the county, the exact status of the existing roadway is the subject of much dispute.

According to the Foundation, the roadway in question was merely "a trail winding across the property, heavily grown up with underbrush and small trees and impassable by car." Relying on the authority of *Benson v. Pickens County,* 260 Ala. 436, 70 So.2d 647 (1954), the Foundation maintains that the rule is that the use of such a road is presumed to be permissive and that the party claiming an adverse use has the burden of proving it. It is insisted, in brief, that there is no evidence in the record of any use that was "adverse, hostile to the title of [The Baptist Foundation or its predecessor in title], and under a claim of right," and that, to the contrary, the witnesses conceded that all use of the roadway was with the assumed or express permission of the owner.

According to Penn, the roadway is an open, well-defined road with a history of at least 20 years of continuous public use. Under Penn's version of the facts, the rule of *Benson* is inapplicable and the rule of *Ayers v. Stidham,* 260 Ala. 390, 71 So.2d 95 (1954), is controlling.

In *Ayers* this Court held that "an open, defined roadway, through reclaimed land, in continuous use by the public as a highway without let or hindrance for a period of twenty years becomes a public highway by prescription. . . . [A] presumption of dedication or other appropriation to a public use arises." 260 Ala. at 392, 71 So.2d at 97. Moreover, once the *Ayers* presumption arises, the burden is then on the landowner to show that the use was permissive and that it was in recognition of the landowner's title and right to possession. 260 Ala. at 392, 71 So.2d at 97.

Whether the rule of *Ayers* or *Benson* is controlling in a particular case depends upon the character and use of the road in question. Consequently, the precise question presently before this Court in the instant case is whether there is evidence in the record of the character and use of the road in question which will support the trial court's decree under the *Ayers* standard. Unless such evidence is lacking or the court's findings are otherwise "plainly and palpably erroneous and contrary to the great weight of the evidence" -[*Garrison v. Grayson,* 284 Ala. 247, 249, 224 So.2d 606, 607 (1969)], the trial court's decree must be affirmed. Having accorded the trial court's determination a presumption of correctness, we now affirm that determination on the basis that there is sufficient evidence in the record to support the trial court's findings.

To justify application of the *Ayers* standard, there must have been evidence in the record which supported the contention that the road in question was of the "open, defined" variety, "in continuous use by the public as a highway . . . for . . . twenty years." *Ayers, supra.* Although the record included evidence to the contrary, it also included substantial evidence that the road does meet the *Ayers* requirements. For example, several witnesses testified that the road is "well-defined," that they have never known it to be blocked, and that it has been in continuous use by the public for over 20 years.

Of course, the weight and credibility of witnesses is for the trial court's determination. On this appeal, this Court

must determine whether the trial court's decree is supported by the evidence. Moreover, the record reflects that many witnesses, in response to questions, gave answers which are meaningless to us since we did not see the pointing finger "(Indicating)" or "right here" or "you see. (Indicating)," instances of which are replete in the record. The trial judge was not so limited. *Morris v. Morris,* 290 Ala. 41, 273 So.2d 203 (1973).

 Whether Penn sustained injury sufficiently "different, not merely in degree, but in kind from that suffered by the public at large" [*Ayers,* 260 Ala. at 892, 71 So.2d at 98] as to justify the awarding of an injunction, is another question which must be resolved by an examination of the record. Although, upon an examination of the record, we find some evidence to the effect that Penn had obtained some access to his land by means of an easement across the private lands of another, such evidence is inconclusive particularly in view of the record's numerous references to "here," "(Indicating)," etc., heretofore referred to. Moreover, there is evidence that this is the only direct access from his property to a public road. This evidence is sufficient to support the trial court's decree.

This Court has stated that it is "committed to the rule that if the obstruction forces the owner of the land out of his direct, public street or road into a circuitous route in his commerce and intercourse with the outside world, this is a special injury to him not suffered by the general inhabitants of the state, county or city." *Purvis v. Busey,* 260 Ala. 373, 378, 71 So.2d 18, 22 (1954). Because Penn's injury fits within the *Purvis* rule, the case for injunctive relief is justified.

Therefore, we hold that the trial court did not err in awarding the injunction or in applying the *Ayers* standard.

 A final contention is made by the Foundation that the existing public ease-

ment, if any, cannot be changed or enlarged by Penn. We agree. See *Lindsey v. Shaw,* 210 Miss. 333, 49 So.2d 580 (1950); *Moss v. Vance,* 288 Ala. 224, 259 So.2d 252 (1972). However, the evidence on this issue was conflicting. There was sufficient evidence for appellee Penn on this issue to support the trial court's decree.

Having considered all the contentions of the Foundation, and finding no reversible error in any of them, we have concluded that the decree of the trial court should be affirmed.

Affirmed.

HEFLIN, C. J., and FAULKNER, ALMON and EMBRY, JJ., concur.