TORBERT, Chief Justice.
This is an appeal from a final decree of the Etowah County Circuit Court enjoining appellants, Opie and June Reed, from obstructing a road. The trial court found that the disputed road had been adversely used by the public for a period of time in excess of twenty years and ruled that this road was a public road. We affirm.
The road in question, which is now known as Country Club Drive, extends from U. S. Highway 11 through a 300-acre tract of land originally purchased by the Reeds in 1939. This entire tract, except a portion of land which borders both sides of a section of Country Club Drive retained by the Reeds, was sold in 1965 to Paul Waters and John Nichols, two of the appellees. At that time, Country Club Drive was the only road to and from the purchased property. However, two other access roads have been built by Etowah County since 1965, those being Fairway Circle (which connects with Country Club Drive at a point inside the property line of the property purchased by Waters and Nichols) and West Country Club Road (which connects with Country Club Drive at a point where property bordering the roads on each side belongs to the Reeds).
Following the 1965 purchase from the Reeds, Waters and Nichols built the Attalla Golf and Country Club on property located at the end of Country Club Drive. Portions of the land were later sold to two industries. Further development of the property occurred in 1968 when Waters and Nichols subdivided another part of the tract of land.
As previously stated, the Reeds retained ownership of property which borders both sides of a section of Country Club Drive. In September, 1975, after notifying Waters and Nichols, the Reeds barricaded this section of the road. Waters and Nichols then obtained the decree from which this appeal is taken.
In reaching its conclusion that the disputed road is a public road, the trial court applied the rule stated by this court in *1345 Ayers v. Stidham, 260 Ala. 390, 71 So.2d 95 (1954), to-wit:
“It is now settled in this state that an open, defined roadway, through reclaimed land, in continuous use by the public as a highway without let or hindrance for a period of twenty years becomes a public highway by prescription. When such circumstances are shown, a presumption of dedication or other appropriation to a public use arises. The burden is then on the landowner to show the user was permissive only, in recognition of his title and right to reclaim the possession.”
260 Ala. at 392, 71 So.2d at 97 (citations omitted).
According to the Reeds, the trial court erroneously followed the Ayers standards. Under the Reeds’ analysis of the evidence in the record, the disputed road ran through unfenced, unimproved, and thus unre-claimed fields prior to 1965. They state that the evidence fails to show that the road in question was well defined during any twenty year period or that the road was continuously used by the public in an uninterrupted manner for twenty years. Therefore, the Reeds maintain that the rule which should have been applied by the trial court is that the use of such a road is presumed to be permissive and that the party claiming an adverse use has the burden of proving it. Benson v. Pickens County, 260 Ala. 436, 70 So.2d 647 (1954).
This court was presented with the question raised by this appeal in Baptist Foundation of Alabama v. Penn, 295 Ala. 122, 324 So.2d 766 (1976). In that decision, this court held:
“Whether the rule of Ayers or Benson is controlling in a particular case depends upon the character and use of the road in question. Consequently, the precise question presently before this Court in the instant case is whether there is evidence in the record of the character and use of the road in question which will support the trial court’s decree under the Ayers standard. Unless such evidence is lacking or the court’s findings are otherwise ‘plainly and palpably erroneous and contrary to the great weight of the evidence’ [Garrison v. Grayson, 284 Ala. 247, 249, 224 So.2d 606, 607 (1969)], the trial court’s decree must be affirmed.”
295 Ala. at 125, 324 So.2d at 768.
Although conflicts in testimony exist, we find that there is evidence to support the trial court’s decree under the Ayers standard. Witnesses testified that the road in question, including the area barricaded by the Reeds, has been in existence since the early 1920’s. Testimony was adduced that families who lived near the then Reed property used the road for over forty years to get to town; that the general public used the road to get to a creek at the edge of the Reed property to go swimming, hunting and fishing; that the general public used the road to get to a foundry and tenant houses located along the road and that these houses had not been torn down until 1953 or 1954; and, finally, that the City of Attalla used the road to get to a city dump which it maintained on a portion of the property under a lease with the Reeds. The land surrounding the road was used at various times during the last forty years for tenant houses, a foundry, a farm and cattle ranch, and a city dump. Thus, the trial court had before it evidence from which it could conclude that the disputed road was an “open, defined roadway, through reclaimed land, in continuous use by the public . . for . . . twenty years.” Ayers v. Stidham, supra.
Having considered all contentions of the Reeds in light of the evidence in the record, we cannot say that the finding of the trial court was plainly erroneous. We therefore conclude that the trial court should be affirmed.
AFFIRMED.
BLOODWORTH, FAULKNER, ALMON and EMBRY, JJ., concur.