This appeal concerns an action based upon an allegedly written contract of employment. The trial Court, sitting without a jury, found that Appellants-Defendants, James H. Whitt and Whitt Contractors, Inc., were liable for money due under the contract in the sum of $18,365. We affirm. *Page 337 
It is undisputed that under an employment contract Adron McConnell, Plaintiff-Appellee, began work for Whitt (and later Whitt Contractors) in February or March, 1972. He worked as a construction superintendent for Appellants until April 15, 1976, at which time the work "ran out." Originally, McConnell was paid $5.75 per hour, but he received several raises during the course of his employment.
Because the instrument itself could not be found, the parties testified orally as to its terms and agreements. McConnell testified that the contract provided that he was to be paid 10% of the profits made on each construction contract under which he worked (limiting the cost per contract to the items included in the original cost estimate); 10% of the profits saved from the estimated construction costs; that the contract contained a guaranteed minimum payment of $20,000 per year; that, regardless of the payments he received from his percentage of the profits, he would be paid an hourly wage of $5.75 with raises to maintain equality with union wages; and that he would not be required to do job "takeoff" work at night. He further stated, however, that he performed approximately 900 hours of such "take-off" work in the determination of job bids for his employer. In this suit, McConnell alleges that he was not paid for such "take-off" work; that he was only partially paid the sums due from the profits Whitt received; and that he was only partially paid his minimum payment due.
In answer to these assertions, Whitt testified that the contract contained no guaranteed minimum payment provision and that McConnell was to be, and was, paid 10% of the net profits — not the profits over the estimated costs.
The trial Court held adversely to Whitt and this appeal followed. The sole issue raised questions the sufficiency and credibility of the evidence supporting the judgment of the trial Court.
It is well settled that where the record shows that a case is tried by the court, sitting without a jury, upon disputed facts heard orally, the conclusion of the trial judge will be affirmed if it is fairly supported by credible evidence under any reasonable aspect, and is not palpably wrong or manifestly unjust. Baptist Foundation of Alabama v. Penn, 295 Ala. 122,324 So.2d 766 (1975); Hill v. Delchamps Food Stores, 294 Ala. 14, 310 So.2d 871 (1975); and Kubiszyn v. Bradley, 292 Ala. 570, 298 So.2d 9 (1974). Furthermore, when the trial judge does not make express findings of fact, this Court must nevertheless assume the trial judge found facts which support his decree, unless such a finding would be clearly erroneous or against the great weight of the evidence. White v. White, 350 So.2d 326
(Ala. 1977); Lipscomb v. Tucker, 294 Ala. 246, 314 So.2d 840
(1975); and Grund v. Jefferson County, 291 Ala. 29,277 So.2d 334 (1973).
Whitt recognizes these oft-stated rules of review, but contends that the judgment of the trial Court was not supported by credible evidence, was against the great weight of the evidence, and was palpably wrong and manifestly unjust.
As stated, McConnell testified that the employment contract contained the guaranteed minimum payment provision and that the 10% figure was to be based on profit above estimated cost. His evidence was that he was due at least $28,000 on the profits during that period and that he received percentage payments of less than $10,000 — thus leaving a balance owed of just over $18,000. The $18,365 judgment closely aligns with this figure. This evidence clearly conflicts with Whitt's testimony; and the trial Judge, after listening to the evidence and viewing the witnesses, made his determination. The record before us indicates there was sufficient evidence upon which the trial Court could base its judgment.
This leaves but one consideration: Whether the Plaintiff's evidence was "credible" and worthy of belief. This Court has previously stated:
 "The mere fact the testimony given by a witness in support of an issue is not *Page 338 
plausible does not destroy its probative force. Where, however, the testimony of a witness is incredible, inherently or physically impossible and unbelievable, inherently improbable and irreconcilable with, or contrary to, physical facts and common observation and experience, where it is so opposed to all reasonable probabilities as to be manifestly false, or is contrary to the laws of nature or to well-known scientific principles, or where it cannot be said to amount to substantial evidence of facts testified to or accepted as a basis of liability, it is to be disregarded as being without evidentiary value even though uncontradicted." King v. Brindley, 255 Ala. 425, 430, 51 So.2d 870, 875 (1951).
The nature and quality of the evidence presented by McConnell does not render it either implausible or incredible as characterized in King. He had an opportunity to have personal knowledge of all facts to which he testified; and, of course, where there is no jury, the weight and credibility of a witness' testimony is for the trial court's determination.Baptist Foundation, supra, and Rule 52 (a), ARCP.
Our review of this determination, when taken in light of appropriate presumptions, leads to our conclusion that the judgment of the trial Court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.