The circuit court determined a boundary line dispute and enjoined the appellants-defendants from obstructing a driveway running through their property. We affirm.
The appellees, plaintiffs below, brought this action to enjoin the appellants from blocking a driveway and for a judicial determination of a disputed boundary line. The evidence at the trial showed that the appellants owned a piece of property, approximately three quarters of an acre at the intersection of two paved roads in Lawrence County. This triangular piece of property adjoined a 40 acre tract of land owned by the appellees and a driveway traversed the appellant's property to a residence and some chicken houses situated on the appellees' property. The appellants obstructed this driveway and that action precipitated this suit.
The court found that the driveway in question had "been used by the public for more than 20 years as a public road and there [was] no evidence that there has been a lawful discontinuance of this road." The trial court established the boundary line, ordered judicial markers erected along the boundary line and enjoined the defendants from obstructing the driveway across their property. The court also ordered both parties to remove any encroachments from the *Page 860 
property of the other party, per the newly-established line. The appellants attack these findings and orders, primarily on the grounds of insufficient evidence.
The appellants assert that if the driveway ever was a public road, it had been abandoned through non-user for the prescriptive period; the appellees did not suffer sufficient injury to warrant injunctive relief and the appellees had acquiesced in the establishment of the previously existing boundary line.
Where testimony is taken ore tenus, this Court will not reverse the findings of the trial court absent a showing of plain and palpable error or manifest injustice. Davis v.Linden, 340 So.2d 775 (Ala. 1976). The ore tenus rule is especially justified in cases like the instant case where numerous exhibits are introduced and the record is replete with inclusive references to these exhibits, i.e. "(here)," "(indicating)." See Baptist Foundation v. Penn, 295 Ala. 122,324 So.2d 766 (1975). The trial court is in a much better position than this Court to observe and frame these references with respect to the exhibits and to draw permissible inferences therefrom. Thus, the question we must determine is whether there is sufficient evidence in the record, disputed or otherwise, to support the findings of the trial court.
The appellees presented evidence tending to establish that the driveway in question had been part of a road which connected two other roads.
Testimony of Mr. Clifford Morris:
 "Q. Are you familiar with the 40 acre tract of land that Mr. Buttram owns that adjoins the property where the Terrys have two house trailers?
A. Yes, sir.
 Q. How long have you been familiar with that property, please, sir?
A. Ever since 1919.
 Q. All right, sir. Back in your first recollection of this property was there a roadway that went from the Chalybeate Springs Road south?
A. Yes, sir.
 Q. What do you know or recall about this roadway, Mr. Morris?
 A. Well, all I know about it it runs right down in front of Mr. Buttram's house, clean down across his 40 acres and across another 40 acres.
Q. Who owns the other 40 acres?
A. I believe Mr. Clark Buttram.
Q. And where did the road go to?
 A. It went out down there straight on from that 80 acres plum on down to what we call the old Chalybeate Springs.
Q. Old Chalybeate Springs?
A. Yes, sir.
 Q. All right, sir. Well, was the Chalybeate Springs Road, that is, the one by where the Terrys now live, was it a public road back at that time? Did the public use it?
 A. You mean the one that went through — down through Mr. Buttram's fence?
Q. Yes, sir?
A. Yes, sir, that was the only road that was in it.
* * * * * *
 "Q. All right, sir. You have traveled that road from the Chalybeate Springs Road, which is now paved, down to the old road?
A. That's right.
Q. Was there a church located back in there?
 A. There was an old Chalybeate Springs Methodist Church.
 Q. I see. Well, did the public in general use this road?
 A. Everybody used it that went anywhere. That was the only road there was, that I know.
Q. The only road that connected those two roads?
A. Yes, sir.
Q. When do you first recall that road being there?
 A. The year of 1919 I went to school there at that old school building when I was 8 years old, and it was there then. *Page 861 
 Q. Did you use that road to go to the old school building?
 A. Well, there was some kind of a road that came up through there — yeah, it was the same road.
Q. The same road?
A. Yes, sir, we walked to school.
* * * * * *
Testimony of Mr. D.J. Filyaw:
 "Q. Are you familiar with the roadway that goes through the Terry property on to this 40 acre tract that John Buttram owns?
A. Yes, sir.
 Q. How long have you known of this roadway there, Mr. Filyaw?
A. Oh, I guess around 40 years —
Q. All right, sir.
 A. — it connects up right there with the Chalybeate Springs paved road, that is, that is paved now.
 Q. Yes, sir. When you first knew of that road right there at the Chalybeate Springs paved road, was either one of them paved at that time?
A. No, sir.
 Q. All right. And where did the road go that went through Mr. Terry's property and on through what is now John Buttram's 40 acre tract?
 A. Well, it went through down by Mr. Clark's house and then through on towards the old Chalybeate Spring.
 Q. All right. Did it go to another roadway over there?
A. Yes, sir.
 Q. And were both of these public highways or used by the public?
A. Yes, sir.
 Q. And this road that went through the Buttram land, was it used by the public?
 A. Yes, sir, there used to be a school house out there.
Q. Used to be a school house there?
A. Yes, sir.
 Q. And they used it to get back and forth to the school house; is that correct?
A. Yes, sir.
* * * * * *
Testimony of Russell Wade:
 "Q. All right, sir. Are you familiar with a roadway that goes through the Terry property and over into the 40 acre tract of land that John Buttram now owns?
 A. Well, I helped haul lumber down that road, that driveway, when they built that house there.
Q. When they built it?
A. Yes, sir.
* * * * * *
Q. All right, sir. And how long ago was that?
 A. I don't recollect. I imagine it was in 1924 or 1925. Now, Mrs. Hale can tell you when they built it, but I don't recollect.
 Q. All right, sir. That road, then, that goes through the Terrys onto John Buttram's 40 acre tract of land, do you know where it went to and where it ended at that time?
 A. Well, it went through there and it crossed another little road, down there where Ellis Hollis lives now. And then it crossed the Morris place and hit the main road down by the old Chalybeate Church, down there at the Spring, the old Chalybeate Church.
* * * * * *
 "Q. All right, sir. Let me ask you this: During the time that you owned the property and that road connected those two main roads, did the public use this road?
 A. Well, the public used that road down through the field.
 Q. All right, sir. Was that the same road that went through the Terrys' property and through John Buttram's property?
 A. (Witness nodding as if to answer in the affirmative)." *Page 862 
This testimony is representative of the plaintiffs' presentation; suffice it to say that the defendants controverted the testimony of the plaintiffs' witnesses on cross-examination and in the presentation of their case. We are clear, however, that this testimony, if believed would provide support for the trial court's findings that the driveway was part of a public road and that its use had not been discontinued.
Even though the evidence and exhibits indicated that the appellees had an alternate means of access to their property, it is not manifestly unjust to order the appellants to remove the gate from the driveway. Baptist Foundation, supra.
We find that there was sufficient evidence to support the trial judge's order establishing the boundary line. We note that the boundary established conforms to a survey made in the course of this litigation.
Upon an examination of the entire record, we are convinced that there was sufficient evidence to support the findings of the trial court. McGilberry v. Belcher, 347 So.2d 370 (Ala. 1977). The judgment is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, FAULKNER, ALMON and EMBRY, JJ., concur.