This is an appeal from an adverse judgment in appellants' suit seeking to enjoin appellees from obstructing what appellants contend is a public road. The trial court held that the appellants had not introduced evidence sufficient to support the allegations of their complaint and found for appellees. We affirm.
Appellants, Nova Sullivan Menefee and Ruby Sullivan Sheets, are the heirs and successors in interest to property owned by their father. The appellees-Lowery own land on all sides of Mrs. Menefee, but their lands do not completely surround appellants' property. This dispute arose over two roadways that cross the Lowerys' property and intersect public Highway 24. (These roadways are shown as dashed lines on the plat appended to this opinion.) Appellants sought to prove that there had been, for twenty years or more, open and continuous use of the roadways sufficient to create dedication or an easement by prescription. The appellees-Lowery contend that the roadways had always been private and were used by the Sullivans (appellants' predecessors in title) and by the Chenaults (appellees-Lowerys' predecessors in title).
The trial court heard substantial evidence ore tenus. While the evidence was contradictory and confusing, it tended to establish that the Chenaults built a home on their property about 1926, and that in 1926 Robert L. Sullivan, father of appellants acquired appellants' property. There was a footpath that went across the Chenaults' property to an abandoned home of the Chenaults' predecessors in title and on to the main highway. School children used this footpath as a shortcut to school as early as *Page 795 
1926 when the Chenaults built their home. The Chenaults did not tell the children not to use the path.
The Chenaults then improved the footpath and cut a new roadway along their property line east toward the main highway. This improvement was apparently accomplished within five years after the Chenaults built their home. Although there was some testimony that anyone could use the roadways, the evidence tends to show that only the Chenaults and the Sullivans or people visiting them used these paths or roadways.
The testimony is confusing about the condition of the roads from 1940 to date. Apparently the bridges constructed on the paths steadily deteriorated without repair until they were unpassable for motor vehicles and even dangerous for pedestrians. The bridges remained in that condition until the appellees-Lowery bought the Chenault property in 1967 and built new bridges on the roadways. From that time on, the roadways were used only by the Lowerys and by Hobson McKinney, appellants' tenant, or by people visiting them.
The Lowerys constructed fences on their property line in 1975 which blocked the entrances to the two roadways in dispute. Appellants then brought suit to enjoin the Lowerys from obstructing the roadways.
Appellants' contention that an easement appurtenant had attached by prescription is without merit in that they neither pleaded nor proved that they or their predecessors at any time made such claim of right to the roadways. A private easement is not established merely by use of lands of another for a period of twenty years or more. Such use must have been adverse to the owner of the premises over which the easement is claimed, under claim of right, exclusive, continuous, and uninterrupted, with actual or presumptive knowledge of the owner. Cotton v. May,293 Ala. 212, 301 So.2d 168 (1974).
Appellants' complaint alleging that the roadway has become dedicated by prescription because it was used by the public for more than twenty years places them under the standard set out in Ayers v. Stidham, 260 Ala. 390, 71 So.2d 95 (1954). Ayers places a burden on the landowner to show that use of the roadway was permissive where the complainant shows that the roadway is open, defined, through reclaimed land, and in continuous use by the public as a highway without let or hindrance for a period of twenty years. Otherwise, a presumption of dedication or other appropriation to a public use arises. 260 Ala. 392, 71 So.2d at 97.
In the present case, the trial court decreed that appellants had not produced sufficient evidence to support the allegations of their complaint, which can be construed to mean that they did not meet their initial burden to prove that the roadway was open, defined, through reclaimed land, and in continuous use by the public as a highway without let or hindrance for a period of twenty years, the elements required to be proved under Ayers
in order to place the burden on the landowner.
Our standard of review is whether the trial court's decree is supported by the evidence. Unless there is not sufficient evidence to support the trial court's decree or unless the trial court's decree is otherwise plainly and palpably erroneous or contrary to the great weight of the evidence, the trial court's decree must be affirmed. Baptist Foundation ofAlabama v. Penn, 295 Ala. 122, 324 So.2d 766 (1975).
As we noted previously, the trial court heard substantial evidence ore tenus. In addition there are many instances in the record where the attorneys questioned the witnesses indicating to the map prepared by a land surveyor. Such was also the case in Baptist Foundation, supra. In that case, this Court noted that answers, in response to such questions, "are meaningless to us since we did not see the pointing finger `(Indicating)' or `right here' or `you see. (Indicating),'. . . . The trial judge was not so limited. Morris v. Morris, 290 Ala. 41,273 So.2d 203 (1973)." Baptist Foundation, supra at 126, 324 So.2d at 768. *Page 796 
In this state of the record, and since the witnesses testified orally before the court, and there are conflicts in the evidence, we cannot say that the finding of the court is palpably wrong.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.
[EDITORS' NOTE: MAP IS ELECTRONICALLY NON-TRANSFERRABLE.]