This appeal follows a decree of the Circuit Court of Blount County, entered in a nonjury case. The court fixed a disputed boundary line between the plaintiffs-appellants, Robert E. Smith and his wife Betty, and the defendants-appellees, Lloyd L. Smith, Darlene Smith, Troy P. Smith, and S.A. Smith, Jr. In addition, the court decreed that a road traversing the appellants' land was a public road and enjoined all parties from obstructing vehicular traffic thereon. All costs were taxed to the appellants.
Appellants contend that there was insufficient evidence to support the trial court's finding that the disputed road was public and that the court erred by taxing all costs to them. We disagree and affirm the judgment of the trial court.
Robert E. Smith, Lloyd L. Smith, Troy P. Smith and S.A. Smith, Jr., are brothers, as well as adjoining land owners. Each brother took title to his land from their father, S.A. Smith, Sr. The forty-acre parcel owned by appellants is bounded on three sides by forty-acre parcels owned by the appellees. There has existed a long-time dispute between the appellants and appellees as to the boundary lines between their respective parcels, as well as to the use of a dirt road across appellants' parcel. This dirt road is connected to a public road on Troy Smith's land, crosses Robert Smith's land, and finally terminates on Lloyd Smith's land. (See plat appended to this opinion.)
Appellants sought a court ordered survey to determine the disputed boundary line; a declaration that the disputed road was private; and an injunction to keep appellees from using the roadway. The appellees contended that the road was public and counterclaimed, requesting, among other relief, an injunction to prevent interference with their use of the road by appellants.
The trial court, after hearing substantial evidence and inspecting the property and roadway in dispute, entered its decree, supported by the following factual finding:
 4. That the road leading from the paved Pine Mountain county road to the NW 1/4 of SE 1/4 of Section 14, Township 14 South, Range 1 East is a public road by virtue of many long years of use by the public as observed by the Court on inspection of the said road. The Court examined the roadway and also located locations of residences and other structures, which had been used by prior owners.
Alabama recognizes:
 [T]hat an open, defined roadway, through reclaimed land, in continuous use by the public as a highway without let or hindrance for a period of twenty years becomes a public highway by prescription. When such circumstances are shown, a presumption of dedication or other appropriation to a public use arises. The burden is then on the landowner to show the user was permissive only, in recognition of his title and right to reclaim the possession. [Citation omitted.]
Ayers v. Stidham, 260 Ala. 390, 392, 71 So.2d 95, 97 (1954).
In Davis v. Linden, 340 So.2d 775, 776 (Ala. 1976), as here:
 The sole question is whether the road became public because of general use by *Page 1174 
the public for twenty years or more. "The case presents purely a question of fact — whether the road is in fact a public road or only a private . . . road. . . ." Williams v. Prather, 239 Ala. 524, 526, 196 So. 118, 119 (1940).
The court's findings in the present case were based upon testimony taken ore tenus as well as observation of the disputed property.
 Our standard of review is whether the trial court's decree is supported by the evidence. Unless there is not sufficient evidence to support the trial court's decree or unless the trial court's decree is otherwise plainly and palpably erroneous or contrary to the great weight of the evidence, the trial court's decree must be affirmed. Baptist Foundation of Alabama v. Penn, 295 Ala. 122, 324 So.2d 766
(1975).
Menefee v. Lowery, 375 So.2d 793, 795 (Ala. 1979). Moreover, when the court inspects the premises involved in a dispute prior to making its findings of fact, this buttresses the presumption of correctness given to the court's findings.Fowler v. Fayco, Inc., 290 Ala. 237, 275 So.2d 665 (1973);Thurman v. Thurman, 454 So.2d 995 (Ala.Civ.App. 1984). Although conflicting evidence was presented at trial, after a thorough examination of the record we cannot say that the court's finding is without support or that the decree is plainly and palpably erroneous.
The appellant, Robert E. Smith, testified that he purchased his parcel from his father in 1962 and that the road had been in existence for at least 36 years. Myrtle Head stated that she had lived in the area for 50 years and that the road was in place as far back as she could remember.
S.A. Smith, Sr., testified that he personally knew of the road's existence in the early 1930's and that he had heard in the community that the road had been used prior to that time. He described the road as a "family community road" which "everybody used" and that such use was without his permission.
The gist of the remaining evidence is that the road for many years connected the paved public road to two houses no longer in existence. However, the road has been used by many persons, including prior owners and residents of the dwellings, as well as their tenants, friends, families, and persons doing business with them. Various crops have been grown on the land, and the road has provided access to and from the areas where they were grown. Cattle buyers and timber crews utilized the road to transport timber and cattle raised on the land. Hunters and fishermen also used the road, as did utility company personnel. The parties, their family, friends, tenants, and business invitees also used the road. Additionally, Blount County employees and others worked and maintained the road periodically. The deed from S.A. Smith, Sr., to the appellants expressly reserved the use of "public roads" located on the appellants' parcel over which the disputed road crosses. This evidence was sufficient to support the court's finding.
Appellants argue that: (1) the evidence does not demonstrate public use because the road only provides infrequent access to the property by family members, tenants, guests, and business invitees; and (2) evidence of the existence of a gate or gap across the road prevents a finding of an open way used freely for the 20-year prescriptive period. Prior holdings of this Court do not support appellants' position.
In Still v. Lovelady, 218 Ala. 19, 20, 117 So. 481, 482
(1928), the Court opined:
 In the nature or the case the law lays down no fixed rule as to the quantum of travel over the road essential to impress upon it a public use. Although the chief user be a few families having special need therefor, this does not of necessity stamp it as a private way. It is the character rather than the quantum of use that controls. It seems clear enough that the general public, including these with special interests, have continuously used the road without let or hindrance as they had occasion so to do, and such combined use has been so constant and *Page 1175 
continuous as to mark at all times a well-defined highway for vehicles and pedestrians. As to public user this is sufficient. [Citations omitted.]
See also Davis v. Linden, supra. In addition, the Court inAyers v. Stidham, supra, found that a disputed road, "although in a bad state of repair and infrequently used, was a public road." 260 Ala. at 392, 71 So.2d at 97. We find that the evidence presented is sufficient to support the trial court's finding of public use.
Although the evidence is to the effect that for several years prior to this litigation there existed an unlocked gate and gap across the disputed road, we find, as did the Court in Powellv. Hopkins, 288 Ala. 466, 472, 262 So.2d 289, 294 (1972), that:
 Placing a gap or gate across a way to control livestock would not cause a road to lose its character as a public way when it was evident that by placing such obstacle there was no interruption of the way by those traveling it. Liberty National Mutual Life Ins. Co. v. Kendrick, 282 Ala. 227, 210 So.2d 701.
Moreover, it is well settled that nonuser for less than the prescription period will not cause a public road to revert to status. Davis v. Linden, supra; Harbison v. Campbell, 178 Ala. 243,59 So. 207 (1912). In the present case, the record supports the finding that the disputed road took on a public nature prior to the erection of any barrier, and, even if the barrier had succeeded in impeding access to the road, there is no evidence that such impediment was in place for the prescriptive period. Based upon the evidence presented, we cannot hold that the trial court's findings were in error.
Likewise, considering the nature of this proceeding, we do not find that the court erred by taxing all costs (primarily survey costs) to the appellants. The taxation of costs pursuant to A.R.Civ.P. 54 (d) is generally left to the sound discretion of the trial judge. City of Birmingham v. City of Fairfield,396 So.2d 692 (Ala. 1981); Ex parte Osborn, 375 So.2d 467 (Ala. 1979); Bukley v. Carroll, 366 So.2d 1094 (Ala. 1978); Cash v.Mayo, 429 So.2d 1092 (Ala.Civ.App. 1983). We cannot say that the taxation of costs here was unjust or unfair and, therefore, the judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur. *Page 1176 
[EDITORS' NOTE: APPENDIX IS ELECTRONICALLY NON-TRANSFERRABLE.]