Winston County brought suit to enjoin Bownes from obstructing what was conceded to have been a public road. This is not a declaratory judgment action to determine if in fact the road in question was a public road. Bownes contends that while the road may have been public at one time it is no longer a public road. It is clear that the statutory prerequisites for vacation of a public way have not been met. The only question is whether the public way has lost its public character because of abandonment.
In Floyd v. Industrial Development Bd. of Dothan,442 So.2d 927 (Ala. 1983), and Purvis v. Busey, 260 Ala. 373, 71 So.2d 18
(1954), the Court was confronted with factually similar cases. In each case a public road was alleged to have been obstructed. Suit was filed to enjoin the obstructer from continuing to obstruct it. The obstructer's defense was abandonment. The Court held that the obstructer has the burden of showing abandonment by clear and convincing evidence. See also, Ayersv. Stidham 260 Ala. 390, 71 So.2d 95 (1954). That holding is consistent with the general rule that once it is shown that a road is a public highway, "the burden of showing abandonment . . . is upon the party who asserts that the public . . . [has] lost or surrendered their rights." 2 B. Elliott W. Elliott,The Law of Roads and Streets, § 1173 (4th ed. 1926).
The only competent evidence on the issue of abandonment was the statement in the deed from the Board of Revenue of Winston County to Bownes's predecessor in title that the "road has now been abandoned." *Page 365 
The County argued in its brief that in fact there had been no abandonment, but there is nothing in the record to disclose that the County actually presented any evidence on that issue. The question, simply put, then is this: Is the statement in the deed that the road is abandoned, standing alone, clear and convincing evidence of abandonment? I think not.
The statement that the road was abandoned is conclusory. There are no facts given to support that conclusion. A reading of the cases in this area convinces me that much more is necessary to establish that a public highway has been abandoned. Neither the fact that part of a public highway is unusable for travel, nor the fact that the county failed to keep the highway in repair, nor the fact that it forms a cul-de-sac is sufficient to show that it has been abandoned.Purvis, 260 Ala. at 378, 71 So.2d at 22, citing cases. Even the combination of facts that the road was seldom used, was in a bad state of repair, and was not maintained by public authorities was not enough to show abandonment. Ayers, supra. A casual observer of the roads involved in these cases may well conclude that the roads were abandoned, but the law requires a much stronger showing of facts in order to establish abandonment. The purpose of placing such a heavy burden on the person attempting to prove abandonment is to protect the public. "It is to be remembered, too, that the rights of the public are seldom guarded with the vigilant care with which owners of private property guard their own rights, and acts or omissions which might weigh heavily against individual owners cannot always be assigned much force against the public." Elliott Elliott, supra, at § 1175.
I do not believe that the statement in the deed is sufficient to clearly and convincingly prove that the road was abandoned. Therefore, the judgment of the trial court should be affirmed.
MADDOX and ALMON, JJ., concur.