Rel: January 12, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2023-2024

_____

### SC-2023-0237

_____

### John William Riley

v.

### Kenneth R. Boles

### Appeal from Autauga Circuit Court
### (CV-21-900119)

PARKER, Chief Justice.

John William Riley appeals, challenging both the Autauga Circuit Court's order denying his motion to dismiss and its final judgment

declaring that Kenneth R. Boles had an easement by prescription across Riley's property. We affirm the circuit court's order denying Riley's motion to dismiss, but we reverse its declaratory judgment entered in favor of Boles because Boles failed to establish an easement by prescription.

## I. Facts

Riley was born and raised in Autauga County but has resided in California since 1960. He has owned the property in question, a 25-acre parcel located on Highway 21 in Autauga County, since 1962. Riley does not regularly visit this property; at most, he claims to visit it "about every two years." Riley has given permission to two successive local farmers to keep cattle on the property. Except for those cattle, the property remains vacant. At the time Riley purchased it, the property was surrounded by a fence. There are still fences and gates on the property, but there is some confusion about where they are and whether they are on the right boundary lines.

There is a fence along one side of Riley's property. The property on the other side of the fence is owned by a family named the Hunters. On Riley's side of the fence an old road leads back to the property currently

owned by Boles ("the Boles property"). A similar road exists on the Hunters' side of the fence, also leading to the Boles property.

At some time in the mid-1990s, Thomas Earl Edmondson, Jr., began hunting on the Boles property. Until at least 2018, Edmondson hunted on the Boles property by permission from the former owner. During that time, Edmondson testified that, in addition to the "old road" across Riley's property, he used at least two other routes to access the Boles property. Edmondson also claimed that he had used the road on Riley's property to access the Boles property throughout that period. The testimony at trial did not establish that anyone but Edmondson had used the road on Riley's property to access the Boles property before 2021.

Edmondson obtained a lease to the Boles property in 2016, which he retained until 2018. In 2016, Edmondson sent Riley a letter notifying him that he wished to use the road on Riley's property to access the Boles property and proposing an agreement to that effect. Riley never answered the letter. At some point in 2016, the Hunters had a gate installed on the road on their property to keep Edmondson from using it. Edmondson testified that he had used the road on the Hunters' property to access the Boles property until the Hunters stopped him from using it. When he

continued to try to use it, they had him arrested and charged with trespassing. The charges were dismissed once Edmondson paid a $500 fine and promised not to use that road again. Edmondson has not used the road on the Hunters' property since 2016.

When Riley visited his property in 2016, he discovered that Edmondson had "graded" portions of his property with a bulldozer, had cut part of a field, and had destroyed several trees and portions of his fence. Riley warned Edmondson to "keep off" his property and told Edmondson that he would have Edmondson arrested if he came on Riley's property again. Despite this, Edmondson testified, he continued to use the road on Riley's property until 2021.

In 2021, Boles acquired his property, which he intended to use as a hunting ground for himself and his friend Edmondson. Boles testified that he had used the road on Riley's property to access his property an unspecified number of times since taking possession of the Boles property on March 18, 2021. He testified that he had not used the road on Riley's property before taking possession. At some time after 2021, Riley or his agents fenced off the road on Riley's property, and Boles and Edmondson stopped using it. The area is now substantially "grown up." Testimony at

4

trial established that there are at least two different roads or methods[1] that could be used to access the Boles property.

Boles filed a complaint against Riley in the Autauga Circuit Court, seeking a judgment declaring that he had a prescriptive easement across Riley's property. Riley moved to dismiss on the ground that Boles's complaint failed to allege a justiciable controversy. The circuit court entered an order denying Riley's motion, held a bench trial at which it heard testimony ore tenus, and found in favor of Boles. The circuit court entered a final judgment declaring that Boles had a prescriptive easement across Riley's property. Riley appealed both the order denying his motion to dismiss and the final judgment to the Court of Civil Appeals, which transferred the appeal to this Court on jurisdictional grounds.

## II. Standard of Review

---

[1]Edmondson and Boles are duck hunters. They both mentioned that they have accessed the Boles property in the past by wading across a strip of adjoining swamp owned by another landowner, after driving up to the swamp by a road across the other landowner's property. This method of accessing the Boles property is not a method of vehicular ingress and egress, but both of them mentioned it in their testimony.

This Court reviews de novo a trial court's ruling on a motion to dismiss for lack of subject-matter jurisdiction. DuBose v. Weaver, 68 So. 3d 814, 821 (Ala. 2011). The standard of review requires us to accept the allegations of the complaint as true and then to consider whether the plaintiff could possibly prevail on the complaint as pleaded. Newman v. Savas, 878 So. 2d 1147, 1149 (Ala. 2003).

When a trial court hears testimony ore tenus as the finder of fact, its findings are given the same weight as factual findings made by a jury. The trial court's judgment must be affirmed "'[u]nless there is not sufficient evidence to support the trial court's [judgment] or unless the trial court's [judgment] is otherwise plainly and palpably erroneous or contrary to the great weight of the evidence ….'" Smith v. Smith, 482 So. 2d 1172, 1174 (Ala. 1985) (quoting Menefee v. Lowery, 375 So. 2d 793, 795 (Ala. 1979)). When reviewing a trial court's final judgment that does not contain the court's rationale, this Court assumes that the trial court made the findings of fact necessary to support its final judgment, unless those findings are manifestly unsupported by the evidence. Id. This presumption of correctness has no application, however, "'when the trial court is shown to have improperly applied the law to the facts.'" Kennedy

6

v. Boles Invs., Inc., 53 So. 3d 60, 68 (Ala. 2010) (quoting Ex parte Board of Zoning Adjustment of the City of Mobile, 636 So. 2d 415, 417 (Ala. 1994)).

## III. Discussion

### A. The Motion to Dismiss

Riley's motion to dismiss alleged that Boles's complaint failed to allege a justiciable controversy because it did not allege that Riley had obstructed the alleged easement. For a court to have jurisdiction to issue a declaratory judgment, "[t]here must be a bona fide existing controversy of a justiciable character to confer upon the court jurisdiction to grant declaratory relief under the declaratory judgment statutes …." State ex rel. Baxley v. Johnson, 293 Ala. 69, 73, 300 So. 2d 106, 110 (1974). A controversy is justiciable for the purpose of issuing a declaratory judgment when it frustrates or affects the legal rights of any party. Harper v. Brown, Stagner, Richardson, Inc., 873 So. 2d 220, 225 (Ala. 2003). The touchstone of whether a complaint alleges a justiciable controversy is whether it alleges a "controversy between parties whose legal interests are adverse." Gulf Beach Hotel, Inc. v. State ex rel. Whetstone, 935 So. 2d 1177, 1183 (Ala. 2006).

7

Based on the foregoing, the complaint in this case plainly stated a justiciable controversy. It alleged that "[p]laintiff [Boles] and his predecessors in title have been in actual, exclusive, open, notorious, and hostile possession of a claim of right" to the use of the road on Riley's property for more than 20 years. This allegation described a controversy involving the adverse legal interests of Riley, who owns the road, and Boles, who asserts a right to use the road. The complaint further alleged that Boles would "suffer immediate and irreparable loss, injury, and damage" if the circuit court did not issue the declaratory judgment. The complaint detailed actions Riley had taken to stop Boles from continuing to use the road, including putting up a fence and warning Edmondson and Boles to stop using the road.

When ruling on a motion to dismiss, the circuit court must accept all allegations in the complaint as true. Newman, 878 So. 2d at 1149. It then must decide whether the plaintiff could possibly prevail on the facts as pleaded in the complaint. Id. Under this standard, the complaint alleged a justiciable controversy. Boles wishes to continue using the road on Riley's property. Riley wishes to stop him from doing so. The facts alleged by Boles, if true, sufficiently demonstrate that the rights of the

parties are adverse to each other. We therefore affirm the circuit court's order denying Riley's motion to dismiss.

B. The Declaratory Judgment

The next issue is whether the circuit court erred in issuing a judgment declaring that Boles has a prescriptive easement across Riley's property.

> "To establish an easement by prescription, the claimant must use the premises over which the easement is claimed for a period of twenty years or more, adversely to the owner of the premises, under claim of right, exclusive, continuous, and uninterrupted, with actual or presumptive knowledge of the owner. The presumption is that the use is permissive, and the claimant has the burden of proving that the use was adverse to the owner."

Bull v. Salsman, 435 So. 2d 27, 29 (Ala. 1983) (citing Cotton v. May, 293 Ala. 212, 301 So. 2d 168 (1974); Belcher v. Belcher, 284 Ala. 254, 224 So. 2d 613 (1969); and West v. West, 252 Ala. 296, 40 So. 2d 873 (1949)).

Riley disputes whether Boles's and Edmondson's use of the road on his property was adverse. He claims that he had no notice of Edmondson's use of the road on his property until 2016 and that, therefore, he was not given notice of any adverse claim. Neither party presented any evidence indicating that Riley had received notice regarding Edmondson's use of the road before he received Edmondson's 2016 letter proposing an

9

agreement for the use of the road. Under Alabama law, the use of a roadway is presumed to be permissive unless shown otherwise. Cotton, 293 Ala. at 214-15, 301 So. 2d at 169-70. Therefore, before 2016, Edmondson's use of the road was presumptively permissive. Therefore, even if Edmondson's use of the road after 2016 was adverse to Riley, his use of the road before 2016 cannot count toward the 20-year statutory period required to establish a prescriptive easement.

This Court has recognized an exception to the presumption of permissiveness. In Belcher, 284 Ala. at 256-57, 224 So. 2d at 614-15, this Court held that, when the alleged right-of-way was "the only means of vehicular ingress and egress" to the claimant's property, the owner of the right-of-way was charged with presumptive knowledge of the adverse use. But that circumstance does not exist in this case. Edmondson admitted that he had used the road on the Hunters' property more frequently than the one on Riley's property until 2016, when he had a falling-out with the Hunters and they stopped him from using their road. Thus, before 2016, the road on Riley's property was not the only means of vehicular ingress and egress to the Boles property, and any use of that road by Edmondson before 2016 would still be presumptively permissive.

However, even if Edmondson's use of the road was adverse to Riley dating back to the mid-1990s, when Edmondson began hunting on the Boles property, it still could not create a prescriptive easement in favor of Boles. Boles argues that because Edmondson has allegedly used the road between the mid-1990s and 2021, Boles is entitled to a prescriptive easement. Under Alabama law, when a claimant seeking a private prescriptive easement has not used the easement himself for the entire statutorily prescribed prescriptive period, he may "tack" his use onto periods of use by his predecessors in title. See Apley v. Tagert, 584 So. 2d 816, 818 (Ala. 1991) (discussing Belcher, supra). It is undisputed that Edmondson has not held any interest in the Boles property except during a brief period between 2016 and 2018, when he leased the Boles property. At all other times, he was merely a licensee. He is therefore not a predecessor in title to Boles, and neither party argues otherwise.

Boles cites no authority for the proposition that use by a licensee (such as Edmondson) can be "tacked" onto use by the claimant so as to fulfill the requirement of adverse use for the entire prescriptive period. This issue appears to be one of first impression for this Court, but it seems that the weight of available persuasive authority is clearly against

11

Boles's position. At common law, "[p]eriods of prescriptive use may be tacked together to make up the prescriptive period <u>if there is a transfer between the prescriptive users of either the inchoate servitude or the estate benefited by the inchoate servitude</u>." <u>Restatement (Third) of Property: Servitudes</u> § 2.17 (Am.L.Inst. 2000) (emphasis added). This is commonly known as the requirement of "privity." 2 Thomas E. Atkinson et al., <u>American Law of Property: A Treatise on the Law of Property in the United States</u> § 8.59 at 272 (A. James Casner, ed., 1952). For the required privity to exist,

> "there must be some relation between the successive users of such a nature that the use by the earlier user can fairly be said to be made for the later user, or there must be such a relation between them that the later user can be fairly regarded as the successor of the earlier one."

<u>Id.</u> Examples of such a relation are landlord-tenant relations and relations between an owner and his predecessors in title. <u>Id.</u> See also 28A C.J.S. <u>Easements</u> § 25 (2019) ("'Privity' such as will permit the tacking of the adverse uses of a prescriptive claimant and claimant's predecessor in interest is the mutual or successive relationship to the same rights of property."); 25 Am. Jur. 2d <u>Easements and Licenses</u> § 53 (2014) (noting that the owner of an estate "may tack on the statutory period of

12

predecessors in interest when there is privity of estate" (footnotes omitted)). This privity requirement seems to be implicitly assumed in many of Alabama's cases involving easements by prescription and "tacking," in which the inquiry centered around whether the requisite adverse use was by the claimant "and his predecessor[s] in title."[2] See Belcher, 284 Ala. at 256-57, 224 So. 2d 614-15; Jones v. Johnson, 827 So. 2d 768, 772-73 (Ala. 2002); Ex parte Gilley, 55 So. 3d 242, 246 (Ala. 2010).

Boles, by his own testimony, has used the road on Riley's property since only 2021. Therefore, to establish an easement by prescription, he must prove that, before him, his predecessors in title, since at least 2001, continuously used the premises on which the easement is claimed in a manner sufficient to establish a prescriptive easement.

Boles offered no evidence at trial to prove that his predecessors in title ever used the road on Riley's property at any time, much less continuously since 2001. He offered abundant evidence to show that Edmondson had used the road since some undetermined date in the mid-

---

[2]Indeed, Boles seems to implicitly acknowledge this necessity for privity by alleging in his complaint that his easement by prescription is based on the use of the road on Riley's property by "plaintiff and his predecessors in title."

13

1990s. But Edmondson is not a predecessor in title to Boles. Edmondson never had any title to any relevant real-property interest that he could have transferred to Boles. No such transfer is alleged by any party. The only relation between Edmondson and Boles is that of friends and hunting partners. This is not a sufficient relation to satisfy the privity requirement for "tacking" under any legal authority cited by the parties or this Court.

In summary, the only way Boles could have established a prescriptive easement across Riley's property was by presenting evidence at trial indicating that <u>he and his predecessors in title</u> had used the road on Riley's property adversely to Riley for the entire 20-year prescriptive period. Instead, he presented evidence of Edmondson's use, most of which was presumptively permissive. That evidence was not legally sufficient to support the circuit court's necessary finding that the road on Riley's property had been used adversely to Riley by Boles and his predecessors in title for the entire 20-year period, as alleged in the complaint. Therefore, the circuit court erred in declaring that Boles had established a prescriptive easement across Riley's property.

IV. Conclusion

14

For the foregoing reasons, we affirm the circuit court's order denying Riley's motion to dismiss, but we reverse its declaratory judgment in favor of Boles and remand the cause for further proceedings consistent with this opinion.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.

Wise, Sellers, Stewart, and Cook, JJ., concur.