This is the second time this case has been before this court. See Milligan v. Albertville City Board of Education,628 So.2d 625 (Ala.Civ.App. 1993). Robin A. Milligan[1] sued the members of the Albertville City Board of *Page 255 
Education and its superintendent, alleging that they had terminated her employment for political or personal reasons, in violation of her constitutional rights, in particular her freedoms of speech and association. The trial court entered a summary judgment in favor of the Board; Milligan appealed.
This court reversed the judgment and remanded the case, holding that because there was a genuine issue of material fact, a summary judgment was inappropriate. As guidance to the trial court, we noted that Milligan had the burden of presenting evidence that her conduct was a substantial or motivating factor in the Board's decision, and that when she had done that, the trial court should then determine whether the Board had shown that it would have reached the same decision absent the protected conduct.
On remand, and following a hearing, the trial court determined that Milligan's termination was based on "economic factors and realities." Milligan appeals, contending that she was terminated because of her association with Board member Ted Watson and that the Board's asserted reason for her discharge was mere pretext.
We note that our review of the trial court's judgment in this matter is governed by the ore tenus rule. "[T]he trial court had the opportunity to observe witnesses as they testified, to judge their credibility and demeanor, and to observe what this court cannot perceive from a written record." Dobbins v.Dobbins, 602 So.2d 900, 901 (Ala.Civ.App. 1992). The decision of the trial judge, sitting without a jury and based upon factual findings from disputed evidence presented orally, is presumed to be correct and will be affirmed on appeal as long as " 'it is fairly supported by credible evidence under any reasonable aspect, and is not palpably wrong or manifestly unjust.' " Charles Israel Chevrolet, Inc. v. Walter E. Heller Co., 476 So.2d 71, 73 (Ala. 1985) (quoting Whitt v. McConnell,360 So.2d 336, 337 (Ala. 1978)).
Although there was conflicting testimony concerning the motive involved in terminating Milligan's employment, there was evidence that she was terminated solely for financial reasons and Milligan failed to prove that her relationship with Watson was a substantial or motivating factor in her termination. We conclude that there is sufficient evidence to support the trial court's decision.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, MONROE, and CRAWLEY, JJ., concur.
[1] Milligan is also referred to in the record as "Robin Roden."